Judge Mills
delivered the opinion of the court.
Powell and Co. the defendants in error, declared in covenant, in the court below, against Keys, the plaintiff in error, setting out a writing in hæc verba, as the covenant declared on:
“Whereas, I lost out of my waggon at Louisville a trunk “of goods belonging to John W. Powell and Co. and the “kind and value of said goods cannot at this time be ascertained: now this shall oblige myself, my heirs, &c. to pay “to the said John W. Powell and Co. the value of said “trunk and the merchandize and goods therein contained, “so soon as the same shall be ascertained by John W. B. “Wigginton, who is to open and compare the merchandize of said Powell and Co. with the invoices, and what “may be missing it is supposed was in said trunk as aforesaid.
Breach was then assigned: “That the said defendant “hath not paid to said plaintiffs the value of said trunk so “lost as aforesaid, and the merchandize and goods therein “contained, although the value of the same has been ascertained by the said John W. B. Wigginton, according to “to the tenor and effect of the writing obligatory aforesaid." An interlocutory judgment was given by default, and a writ of enquiry prosecuted, and final judgment rendered for the defendants in error, to reverse which this writ is prosecuted.
The errors assigned question the sufficiency of the declaration generally, and particularly on account that the breach is not set out with an averment that John W. B. Wigginton had valued the goods, as directed by the writing—the sum to which he valued them—the time when he did it—and that notice that such valuation was made, with a request to pay the amount, is not averred to be given to the defendant.
Where a deft’s liability depends on the happening of a previous event, the declaration should aver directly the happening of that event, to the end that def'dt. may traverse the averment, omitting such averment is fatal on demurrer—but the error is cured by a verdict, even tho’ it be taken by default
Whatever is necessary to a pl'tfs recovery will, after verdict, be presumed to have been proved to the jury, and the omission of the usual averments is a title defectively set out, not a defective title.
When the pl’tf's right to recover depends on a contingency more properly in the pltfs knowledge than in the knowledge of the deft pltf. should aver notice to the deft. but this rule is confined to the happening of events, in their nature secret, or where they are to be performed by the plaintiff himself, or a stranger, without defendant’s agency.
*254 This case furnishes an instance as nearly approaching the boundary line between a good and a bad declaration, under the statute of jeofails in force in this country, as may be expected to occur. Had the defendant appeared and filed a demurrer to the declaration, but little doubt would be entertained that on such a demurrer the declaration must have been adjudged insufficient. But as there is a writ of enquiry, and the acts of jeofails are directed to apply to such a case in the same manner that they would apply to verdicts upon issues, (sec 1 Littell, 488) some difficulty arises in determining whether the defective declaration has been cured or aided, by those statutes. Upon bestowing considerable attention to the principles and cases ruling this question, we have come to the conclusion that the defects are cured. The plaintiff’s declaration is defective in not averring directly, so that it might be traversed, that J. W. B. Wigginton had assessed the damage; but has alledged that the defendant had not paid, “although, Wigginton had done so.” He has failed also to state the time when Wigginton did it, or the sum which he affixed to the value of the trunk lost. But notwithstanding the want of the formality of an averment, and of the time and sum, he must be presumed to have shewn this matter to the jury in their enquiry of damages; or if he was not bound to do so, that the defendant in the court below lost the hour of taking advantage of them, and in these respects the plaintiff’s declaration must now be taken to shew a title defectively set out, and not a defective title. The next question is the want of an averment of notice to the defendant below, that the valuation was made, and a request to discharge it. This is a question of more difficulty than the former; for although the principle of notice and request, before action is brought, is required in all the books that treat of the subject, yet the cases referred to appear measurably to conflict with each other; and while some strongly support, others nearly subvert the principle. It is not now intended to set out and discuss the merits of the particular cases; but, from the whole, we think the following principles are apparent:—First, that when the matter alledged in the pleading, on which the cause of action contingently depends, is to be considered as lying more properly in the knowledge of the plaintiff than the defendant, then the declaration ought to aver notice. But, secondly, that this general rule only applies to cases when the act to *255 be performed, of which notice is to be averred, is in its nature secret, and to be performed by the plaintiff himself without the means of the defendant’s knowing it—or to be performed by an unknown stranger or agent, so that the defendant cannot be presumed to have the opportunity of discovering that it is done. In such cases notice, before suit on principle must be necessary. On the contrary, if the defendant by the contract is furnished with, and has provided the means, by which knowledge of the act may be ascertained, on principle he cannot be entitled to notice; because he must be presumed to have provided these means for his own benefit, and then must be bound to use them, and is equally with the plaintiff under obligations to resort to those means to ascertain his responsibility. Within the influence of this principle we conceive is the case now before us. It is true the act to be done by Wigginton was under the entire control of the plaintiffs below, as to the time of its performance, and as to the subjects, to wit: the invoices and goods remaining, on which it was to be performed, and the act might have been done without the knowledge of the defendant below. But when it was once done, the defendant below might have ascertained it by application to Wigginton, whom he had named for the purpose, and from whom he must be presumed, from his own choice, to have obtained the necessary information that the assessment was made, or, at all events, that he might have done so, if he chose. (See 2 Salk. 457, Smith vs. Goff.)
No notice to a defendant is necessary of the happening of the contingency, if by the contract he has provided for himself the means of ascertaining the fact.
Bibb for appellant, Crittenden contra.
Upon the whole, therefore, the court is of opinion that there is no error in the judgment of the court below; and the judgment must be affirmed with costs and also damages, as a supersedeas exists with the writ of error.