JUDGE HARDIN
delivered the opinion of the court:
The decision of the circuit court divorcing the appellee from the appellant not being subject to reversal in this court, this appeal brings before us for revision only so much of the judgment as commits to the appellee, Lydia McBride, the control and management of Elizabeth McBride, the infant daughter of herself and the appellant, and provides for the support of said Elizabeth out of appellant’s estate.
As a general rule, the father is entitled to the custody of his infant child; but the chancello;, having in view the welfare of the child, will bestow the custody on the mother, in preference to the father, in a case like this, where, from the relative habits and situations of the two *16 parents, or other circumstances, it shall appear most beneficial to the child to do so. Viewing the question in this light, the evidence fully satisfies us that the court properly preferred the appellee as the custodian of her infant daughter.
Nor do we perceive any error in the judgment to the prejudice of the appellant in the provision made for said Elizabeth, either in its amount or the mode adopted for enforcing its payment.
Construing the devise of the tract of one hundred and fifty acres of land in the will of Daniel McBride most favorably to the appellant, it vested in him a life estate in the land, and the remainder in said Elizabeth, the survivor of his children. His interest in the land was clearly subject to the allowance for his daughter’s support, which does not appear to have been unreasonably large. If the compulsory order of the court has operated to divest the appellant or his tenant of the possession of the land, it is but the consequence of his own laches in failing to pay the allowance himself, and thus relieve the receiver of the necessity of taking possession of the land.
Wherefore, perceiving no error in the judgment to the prejudice of the appellant, the same is affirmed.