## Simmons v. Simmons.

(Decided May 1, 1925.)

### Appeal from Ballard Circuit Court.

1. Divorce—Welfare of Child is Chief Consideration on Motion for Modification of Judgment as to Custody.—Welfare of child is chief consideration on motion of divorced husband for modification of judgment awarding custody of child to mother.

2. Divorce—Father's Application to Modify Judgment Awarding Custody of Child to Mother Held Properly Denied.—Father's application to modify judgment of divorce awarding custody of child to mother held properly denied, where she had a good home, attended school, Sunday school, and church regularly and preferred to remain, and father had remarried, though mother was employed and away from child most of the time.

J. B. WICKLIFFE for appellant.

KANE & WHITE for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

The parties were divorced some years ago, and custody of their infant daughter was awarded to her mother, the appellee. Recently the father made application for a modification of the judgment with reference to the child, and that he be given the care and custody of her, and this is an appeal from the judgment of the chancellor refusing to so modify the judgment.

The welfare of the child is the chief consideration upon such a motion, and we are convinced from the evidence that under the present conditions it is best for her that she be allowed to remain in the care and custody of the mother, although the mother is so employed as to be away from her most of the time. She has a good home

with her mother's parents, is in regular attendance at a nearby school, Sunday school and church, and prefers to remain there. Her father has not visited her in more than three years, although he has permission so to do under the former judgment of the court. He lives three and one-half miles from a school, and the daughter, now eleven years old, has never met his present wife.

The proper care and education of the child, as well as her happiness, is assured under the present arrangement, and it is not only certain that her condition would not be improved by forcing her, against her will, to live with her father and his present wife, who has a son by a former marriage of about her age, but almost certain that under such an arrangement she would be neither as happy nor as well cared for as at present.

Judgment affirmed.