## Nellie Hays v. Edgar Hays.

(Decided March 25, 1927.)

## Appeal from Whitley Circuit Court.

1. Divorce.—Under Ky. Stats., section 2123, authorizing court in divorce action to make orders for care of minor children, and to alter these orders on petition of either parent, the petition or motion should state facts sufficient to constitute grounds for relief sought, and answer should put these grounds in issue.

2. Divorce.—A motion may properly be treated as petition required under Ky. Stats., section 2123, providing that court in divorce case may alter orders for care of minor children on petition of either parent.

3. Divorce.—Where wife responded to divorced husband's motion on due notice for alteration of judgment to award child to him, and both parties took proof directed to question of child's welfare, the issues were so formed as to permit trial, although petition failed to state grounds for relief.

4. Divorce.—On trial on husband's motion for modification of judgment of divorce to transfer child from mother to him, court was limited to that issue, and could not, over objection, determine husband's motion filed same day, supported by affidavits, for award of child to another, in view of Ky. Stats., section 2123, providing that court may, on petition of either parent, alter judgments respecting custody of children.

5. Divorce.—In proceeding to modify judgment in divorce case as to award of custody of child, each party should have right to cross-examine witnesses, and court should not, over objection, consider affidavit filed on day of hearing.

W. B. EARLY for appellant.

M. A. GRAY and R. L. POPE for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Reversing.

At the June, term, 1925, of the Whitley circuit court, a judgment was entered divorcing appellee, Edgar Hays, and appellant, Nellie Hays. By that judgment the custody of their infant daughter, Edna C. Hays, was awarded to appellee, and the custody of their infant son, John T. Hays, was awarded to appellant. On the 10th day of October, 1925, appellee notified appellant that on October 14th he would enter a motion to redocket the cause and move the court to award to him the custody of the child formerly awarded to her. On the day specified in the notice the motions were made. The chancellor

sustained the motion to redocket the cause and set the trial of the issues raised by the motion and response ahead to October 31, 1925. In the meanwhile both appellant and appellee took the depositions of several witnesses to sustain the issues between them raised by the pending motion and response, which were filed prior to the date set for the hearing. On the 31st of October, 1925, appellee filed an additional motion, without previous notice to appellant, in which he asked, in case the chancellor should conclude that neither he nor appellant was a suitable person to have the custody of the infant in question, that its custody be awarded to his brother, T. F. Hays, and, over appellant's objection, in support of that motion, filed his own and the affidavits of T. F. and Cora Hays. The chancellor then proceeded with the trial of the issues involved and concluded that neither appellant nor appellee was a suitable person to have the custody of the infant in question and awarded his custody to T. F. Hays. Appellant prosecutes the appeal from that judgment.

The appeal represents primarily a question of practice and procedure. Section 2123, Kentucky Statutes, provides that on final judgment in a divorce action the court may make orders for the care, custody and maintenance of the minor children of the parties, with the further provision that it may "at any time afterward, upon the petition of either parent, revise and alter the same, having in all such cases of care and custody the interest and welfare of the children principally in view." The practice seems to be generally established that a motion for a change of the judgment awarding the custody of infant children, where the cause has been retained on the docket, may be treated as the petition for same, and that a motion to redocket and for a change of custody in case the cause has been stricken from the docket may likewise be so treated. To be sufficient the petition or motion treated as the petition undoubtedly should state facts sufficient to constitute grounds authorizing the chancellor to grant the relief sought; and the issue is made by answer filed by the person from whom the custody of the infant is sought to be taken, or by response to the motion, which of necessity must be sufficient to put in issue the grounds pleaded as cause for changing the judgment.

It is extremely doubtful if the written motion filed by appellee herein, which was properly treated as his petition under the statute, *supra,* for revising the judg-

ment as to the custody of the infant child previously
entered, stated facts constituting sufficient grounds there-
for. However, we deem it unnecessary to determine that
question. Appellant responded and the parties seem to
have understood and to have taken their evidence with
reference to the issue made by the motion and response,
that is, whether he or she should have the custody of the
child in question, the interest and welfare of the child
being principally in view. The motion which was filed
raised that issue alone, because by it appellee sought to
have the custody of the child in question taken from
appellant and awarded to him. When the motion and
response had been filed, as was proper, the trial of the
issue so formed was set forward so that the parties might
take their proof. The proof taken was directed solely
to the question whether the welfare of the infant, John
T. Hays, would best be served by taking him from the
custody of appellant, his mother, and placing him in the
custody of his father, appellee. On the day of the issues
thus formed and toward which the proof for the parties
taken by deposition was directed, over appellant's objec-
tion, appellee entered motion, in the event the court con-
cluded from the evidence taken that neither of them was a
suitable person to have the custody of the child, to award
him to the custody of appellee's brother, T. F. Hays, and
over the objection of appellant filed his own and the affi-
davits of his brother and his brother's wife. The chan-
cellor then tried and determined the cause on the motions
pending and awarded the custody of the child to appel-
lee's brother.

This court's consideration of the question has led to
the conclusion that on the issue made by the motion and
response herein, in view of the statute, *supra,* the chan-
cellor was authorized to determine only the question
whether the interest and welfare of the infant, John T.
Hays, would best be served by leaving him in the custody
of his mother, as adjudged by previous judgment, or by
placing him in the custody of his father. The affidavits
which were filed and considered by the chancellor as evi-
dence herein, over the objection of appellant, should not
have been considered. It is certainly true in a proceed-
ing of this character that either party should have the
right to cross-examine witnesses whose testimony is
offered to be heard. That right is denied when affidavits
are permitted to be read in evidence. The effort to en-
large the issues of the proceeding at the time when it

was submitted for trial by the motion then filed to award the child's custody to a stranger to the proceeding deprived appellant of her right to produce evidence on that issue. The proceeding should have been confined to the issue made by the motion and response.

Careful consideration of the evidence taken upon the issues presented by the motion and response herein has led to the conclusion that, as between appellant and appellee, the former should have the custody of her infant son, John T. Hays, and we have concluded that his interest and welfare will best be served thereby. It would serve no good purpose to detail the evidence introduced herein tending to establish the fitness and unfitness of the respective parties for the custody of their child.

For the reasons indicated the judgment herein is reversed and the cause remanded for judgment in conformity herewith.

Whole court sitting.