NELSON VAN DINE, PROSECUTOR, v. THE MAYOR AND COUNCIL OF THE BOROUGH OF SUSSEX, IN THE COUNTY OF SUSSEX, RESPONDENTS.

Submitted May 13, 1927—Decided November 11, 1927.

Municipalities—Ordinances—Certiorari—Ordinance was Adopted at a Meeting Attended by Four of the Six Members and the Mayor—Three of the Four Members Voted for Ordinance, One Against—Mayor Then Voted, Giving Majority—Prosecutor Contends That Mayor May Vote Only in Case of Tie as Provided in Borough Act—Respondents Contend This is Superseded by Provisions of Home Rule Act—Held, Such Situation Ordinarily Would Present Debatable Question Entitling Prosecutor to Writ, but That in This Case Prosecutor Has Only Presented Court with Copy of Affidavit on Which He Moved for Rule to Show Cause—Ex Parte Affidavits May be Used to Obtain Rule but Not Competent to Support Facts Necessary to Support an Application.

On rule to show cause why a writ of *certiorari* should not issue.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutor, *Marshal Hunt.*

For the respondents, *Hugh C. Baldwin* and *Henry T. Kays.*

PER CURIAM.

This case is before us on a rule to show cause why a writ of *certiorari* should not be issued, to review an ordinance amending an ordinance providing for the curbing of Hamburg avenue, in the borough of Sussex, in the county of Sussex. The prosecutor is a citizen and property owner of the borough. On October 20th, 1926, an ordinance was passed by the borough for the curbing of Hamburg avenue and for the issue of temporary improvement notes in the sum of $8,000. The cost of the curbing under this ordinance was to be ultimately paid for by assessments upon the property

benefited. The ordinance amending the original ordinance provided that the borough of Sussex should pay for the cost of the curbing.

The prosecutor contends that the amending ordinance was not properly legally passed. There were four of six members of the borough council present when the amending ordinance was passed. Three voted to pass the ordinance. One member voted against it. The mayor then voted in favor of the adoption of the ordinance. The prosecutor contends that the mayor is only entitled to vote in case of a tie. Paragraph 2 of the Borough act (1 *Comp. Stat., p.* 228) provides that the mayor and councilmen of every borough shall constitute the council thereof, all meetings shall be presided over by the mayor, except as otherwise provided, but he shall not vote except to give the casting vote in case of a tie.

The respondents contend that the Borough act is superseded by the Home Rule act (*Pamph. L.* 1917, *p.* 345) and the amendments thereof as contained in *Pamph. L.* 1918, *p.* 478; *Pamph. L.* 1925, *p.* 392, and *Pamph. L.* 1926, *p.* 378, which provides for the procedure by all municipalities or the governing bodies thereof relative to the adoption of ordinances. This situation we would ordinarily hold presented a debatable contention which would entitle the prosecutor to the allowance of a writ of *certiorari*. We are, however, in the present case, confronted by another question. The prosecutor has only presented this court with a copy of the affidavit on which he moved for the rule to show cause. No affidavits have been taken under the rules. It has long been the settled practice, and the law, that *ex parte* affidavits may be used for the purpose of obtaining a rule to show cause, but are not competent to prove the facts necessary to support an application. *Baldwin* v. *Flagg,* 43 *N. J. L.* 495. We have not, therefore, the facts presented in the manner required by the practice. For this reason the rule to show cause is discharged.