## Stansberry v. Stansberry.

(Decided February 27, 1931.)

C. R. LUKER for appellant.

RAY C. LEWIS and BEGLEY & HAMILTON for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

The appellant and appellee, plaintiff and defendant respectively below, were divorced by a judgment entered in the Laurel circuit court on the 13th day of March, 1929. By the terms of that judgment, the plaintiff was awarded the divorce she sought and the care, custody, and control of the infant child of the parties, Mary Ann Stansberry, then about 1 year old, together with alimony and the sum of $10 a month for the support of that infant child. The custody and control of four other infant children of the parties, ranging in age from 2 to 9 years, were awarded to the appellee, each party being allowed at all reasonable times to visit the child or children in the custody of the other. On the 4th day of November, 1929, the appellant filed in the divorce action her motion to modify this judgment to the extent that she be awarded the care, custody, and control of all of the infant children, and that appellee be required to pay her a suitable allowance for their support. The appellant's motion was grounded on the allegations that since the divorce the appellee had intermarried with Mary Marion, who, as appellant alleged, was the one who had broken up the

marriage of appellant and appellee and whose reputation for morals was bad, and that Mary Marion, now Stansberry, as stepmother of these children, was an unfit person for the children to associate with. The response of the appellee was a denial of these allegations, coupled with affirmative allegations to the effect that the appellant was not a fit and proper person to have the care or control of these children. Testimony was heard orally before the court. That of the appellant was to the effect that the general reputation of Mary Marion prior to the divorce was not good, but none of appellant's witnesses undertook to say that they had heard anything detrimental to the character of Mary Marion since the divorce and since her marriage with the appellee. None of appellant's witnesses undertook to state anything specific to the detriment of Mary Marion, their testimony being confined solely to her general reputation prior to the divorce. There was no showing whatever that the children in the custody of the appellee were not receiving the best of attention and care. The testimony of the appellee was to the effect that when the appellant had her children and prior to the divorce she had neglected them very much, and that, indeed, when she and appellee separated, the children had been neglected to such an extent that their heads and body were covered with lice. Appellee further showed that appellant had no suitable place to take these children, that he was taking care of the children and sending them to a good school, and that his present wife was of good character and was devoted to the children and caring for them in the best of fashion. He also introduced evidence to show that appellant's reputation for virtue and chastity prior to the divorce was bad. The court, when he came to pass upon the motion, made a statement, which appears in the record, that the judgment which had been entered in the divorce action, so far as it pertained to the care and custody of the children and alimony, was, in truth, an agreed judgment, and that under all the facts and circumstances of this case, and being familiar as he was with the record in the divorce case, he did not think that it was for the best interest of the children to take them away from their father. He therefore overruled the motion of the appellant, and from that order this appeal is prosecuted.

It is settled that in matters of this character the court will be guided by what it conceives to be for the best interest of the child. Simmons v. Simmons, 208 Ky.

614, 271 S. W. 679; Purcell v. Purcell, 197 Ky. 627, 247 S. W. 760; Shelton v. Hensley, 221 Ky. 808, 299 S. W. 979; Cummins v. Bird, 230 Ky. 296, 19 S. W. (2d) 959. It is further settled that the chancellor always has jurisdiction to inquire from time to time into this matter of where the custody and control of infant children should be lodged. Under all the facts and circumstances of this case as disclosed by this record, we cannot say that the chancellor erred in declining at this time to take the children from the father. It appears, however, that it is embarrssing for this mother to be required to visit the home of the appellee in order to see her children, embarrassing because of the presence of the second wife between whom and the appellant there is an understandable antipathy. Therefore, the judgment awarding the appellee custody of the children in question with the right on the part of the appellant to visit them should be modified by the chancellor so as to permit the appellant at all reasonable times to see these children at some reasonable place other than appellee's home, and on application of the appellant to the chancellor he will so modify the judgment.

The judgment overruling appellant's motion to have the custody of the infant children mentioned taken from appellee and given to her is affirmed.