## Wolfe v. Wolfe.

(Decided January 26, 1932.)

J. B. JOHNSON for appellant.

POPE & UPTON for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE DIETZMAN—
Reversing.

On October 16, 1930, a judgment was entered in a divorce action which had been instituted by the present appellee against the present appellant. By this judgment, the present appellant was granted a divorce on her counterclaim, the custody of two infant children was intrusted to her care until further order of court, and she was allowed for the support and maintenance of herself and these infants the sum of $40 a month, together

with the use of a house owned by the parties in Corbin. No appeal was ever prosecuted from that judgment. On February 14, 1931, there was filed in court a motion by the present appellee, of which due notice had been given to the appellant. This motion was very elaborate in form. It asked the court to remove from the custody of the appellant the infant children theretofore confided to her, and to intrust such custody to him because of three reasons set out in full in the motion. The motion concluded with the prayer for the relief sought. In support of the motion, appellant filed a number of affidavits, the substance of which was that appellant was guilty of very lewd conduct and was unfit to have the custody of these children. The appellant thereupon moved the court to strike these affidavits from the record, which motion the court overruled. She then filed her counter affidavit traversing the various allegations in the motion and affidavits filed by appellee, and further setting up that she was unable, because of poverty, to get her witnesses into court for an oral examination, and asked that the case be continued, that the proof might be taken on deposition. This the court declined to do, but submitted the case on the affidavits filed, and then entered an order removing the children from the custody of appellant and intrusting them to the custody of the appellee, and further discontinuing the order of allowance of $40 a month theretofore made in the judgment of the preceding October. From that order, this appeal is prosecuted.

Appellant first argues that, by reason of the provisions of section 2123 of the Kentucky Statutes, which in part provides, "At any time afterward, upon the petition of either parent," the court which has rendered a divorce decree, in which the custody of children has been disposed of, may "revise and alter the same," the court in the instant case could not act upon the motion of the appellee; a petition being requisite. In Hays v. Hays, 219 Ky. 284, 292 S. W. 773, this precise point was presented, and we there said: "The practice seems to be generally established that a motion for a change of the judgment awarding the custody of infant children, where the cause has been retained on the docket, may be treated as the petition for same, and that a motion to redocket and for a change of custody in case the cause has been stricken from the docket may likewise be so treated. To be sufficient, the petition or motion treated as the petition

164

undoubtedly should state facts sufficient to constitute grounds authorizing the chancellor to grant the relief sought.''

This Hays Case has been steadily followed by this court; the latest case being that of Bishop v. Bishop, 238 Ky. 702, 38 S. W. (2d) 657. There is therefore, in the light of the elaborate form of the motion in this case, no merit in the first contention of the appellant. But the second contention that on the issues raised by the petition or motion and the affidavit of the appellant which was in effect a response to said motion, the chancellor should not, over the objections of the appellant, have considered appellee's affidavits as proof, is sound. In the Hays Case, supra, on this question, it was said:

"It is certainly true in a proceeding of this character that either party should have the right to cross-examine witnesses whose testimony is offered to be heard. That right is denied when affidavits are permitted to be read in evidence."

Under the rule laid down in the Hays Case, the court should have directed that the proof on the issues raised concerning the change of custody of these children should be heard either on depositions or orally, as section 552 of the Civil Code of Practice now authorizes. For his failure so to do, the judgment is reversed for proceedings consistent with this opinion.