(No. 5956.   June 3, 1933.)

JAMES B. CORNELISON, Respondent, v. MARY ELLEN CORNELISON, Appellant.

[23 Pac. (2d) 252.]

Merrill & Merrill, for Appellant.

W. H. Witty, for Respondent.

GIVENS, J.—September 4, 1924, appellant was granted a divorce from respondent and given the custody of Hazel, then three, and Eugene, then eight months, and $30 a month for their support.

July 7, 1932, respondent sought by a modification of the decree, custody of the two children named. Appellant resisted, and asserted that ten monthly payments were delinquent. Whereupon respondent sought an additional modification of the decree as to the payments.

The trial court determined the matter solely on affidavits, consequently this court approaches and considers the cause *de novo* (*Keyes v. Keyes*, 51 Ida. 670, 677, 9 Pac. (2d) 804, and cases cited), and with the powers possessed by the trial court *nisi*. (*Gardner v. Blaine County*, 15 Ida. 698, 99 Pac. 826.)

The court generally may "reverse, affirm or modify any order or judgment appealed from, and may direct the proper judgment or order to be entered, or direct a new trial or *further proceedings to be had*." (Sec. 1-205, I. C. A.)

Jurisdiction to provide for the custody and maintenance of the minor children mentioned in this proceeding is to be found in Idaho Code Annotated, sec. 31–705, which is as follows:

"In any action for divorce the court may, before or after judgment, give such direction for the custody, care and education of the children of the marriage as may seem necessary or proper, and may at any time vacate or modify the same."

We are unable to find any procedure, prescribed by our code, for vacating or modifying a provision in a decree of

divorce for the custody and maintenance of minor children of a marriage thereby dissolved.

██ In this state the jurisdiction of the court to vacate or modify the provisions of a decree of divorce providing for the custody and maintenance of minor children has, customarily, been invoked by motion, the facts being presented in some cases by affidavit, in others by oral testimony, and sometimes both of these means are adopted. Section 31–705 does not require a motion, though that is not improper, to invoke the jurisdiction of the court to vacate or modify such a provision in a decree, and the means whereby the court shall satisfy itself of what will be to the best interests of the children, which is the controlling consideration, is not prescribed.

Section 1–1622 is applicable in this case. It provides:

"When jurisdiction is, by this code, or by any other statute, conferred on a court or judicial officer all the means necessary to carry it into effect are also given; and in the exercise of the jurisdiction if the course of proceedings be not specially pointed out by this code, or the statute, any suitable process or mode or proceeding may be adopted which may appear most conformable to the spirit of this code."

Section 16–801 is as follows:

"An affidavit may be used to verify a pleading or a paper in a special proceeding, to prove the service of a summons, notice, or other paper in an action or special proceeding, to obtain a provisional remedy, the examination of a witness, or a stay of proceedings, or upon a motion, and in any other case expressly permitted by some other provision of this code."

Possibly the practice of using affidavits by way of convincing a court that the provisions of a decree for the custody and maintenance of minor children of a dissolved marriage had· its origin in the provisions of that section authorizing the use of an affidavit "upon a motion." However, as pointed out, a motion is not necessary, though

proper, to invoke the jurisdiction of the court in a matter of this kind, and the procedure has not been prescribed.

The welfare of minor children of a union dissolved by divorce is of such grave importance that a court should never be satisfied in determining a matter of this kind except upon the production of the best evidence possible to be procured.

■■ The affidavits are, to a degree, stereotyped and conflicting, and because of the violent charges and counter-charges therein, we do not feel the disposition of these children should rest upon the trial court's or our conclusions drawn from them, but should be based upon the testimony of witnesses in open court, tested by cross-examination.

In *Smith v. Smith*, 209 Wis. 605, 245 N. W. 644, 646, the court said:

"In such a case (custody of children), where a contest exists, and especially where a hearing is demanded, a hearing should be given. The witnesses should be sworn and an opportunity given to cross-examine them." (*Hays v. Hays*, 219 Ky. 284, 292 S. W. 773; *Wolfe v. Wolfe*, 242 Ky. 162, 45 S. W. (2d) 1043.)

The order and modified decree appealed from are reversed, with direction that witnesses be called to establish the facts relied on by the parties litigant, and such other facts as the trial judge may deem pertinent to a decision looking to the best interests of these minor children, and that findings, conclusions and order be made accordingly. Costs to appellant.

Morgan and Wernette, JJ., concur.

Budge, C. J., and Holden, J., dissent.