JOHN RIZZO, Respondent, v. CARMELA RIZZO, Appellant.— In an action for divorce, order denying defendant's motion to modify the final judgment so as to award to her the custody of the child of the marriage or for an oral hearing reversed upon the law and the facts, with ten dollars costs and disbursements, and matter remitted to the Special Term to take proof at an oral hearing as to the allegations of the moving and opposing papers, to make a complete investigation of the surrounding conditions and circumstances, and to determine the best interests of the child. In our opinion, there is nothing in this record to indicate that the defendant is an unfit person to have the custody of her child. It appears that the only adultery charged against her was based upon the invalidity of a Nevada divorce and her subsequent marriage to the corespondent. It also appears, from a certificate submitted on the argument, that, subsequent to the final decree of divorce in the present action and before this motion was made and on February 15, 1935, defendant remarried the alleged corespondent in New Jersey. The defendant is not, therefore, as alleged on the part of the plaintiff, living with her husband in an immoral relationship. The fact of the defendant's remarriage in New Jersey does not appear in the printed record, but is shown by the certificate of marriage sub-

mitted on the argument. It does not appear, therefore, whether this fact was brought to the attention of the court at Special Term on the motion. Young, Hagarty, Davis and Johnston, JJ., concur; Carswell, J., concurs in result.