## Roberts v. Roberts.
### (Decided March 8, 1938.)

C. B. WHEELER for appellant.

HILL & HOBSON for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Reversing.

On January 16, 1934, Vannie Roberts instituted an action for divorce against Dewey Roberts. In addition to her prayer for divorce she asked for alimony and for custody of their 12 year old daughter, Carlie Avis, with proper provision for the child's support and education by the defendant.

Judgment entered on March 3, 1934, in addition to granting the divorce, adjudged that Vannie Roberts be awarded the custody and parental control of the daughter, with privilege to the father of visiting her at all reasonable times, and that he pay to the plaintiff for the support and maintenance of the child $15 per month during the season of the year that schools were not in session and $20 per month while schools were in session.

On September 7, 1936, an order was entered modifying the original judgment and adjudging that Dewey Roberts pay to the plaintiff for the use of their daughter the sum of $10 per month while she was not in school and $15 per month while she was in the grades, and $20 per month while she was in actual attendance in high school. Thereafter, defendant entered a motion asking that the judgment entered "on the ——— day of ——— 1936," requiring payments for the use and benefit of the child, be modified, and that he be awarded the custody and control of the child.

Plaintiff interposed a demurrer to the motion which was overruled, and in the same order it was adjudged that the plaintiff have the custody of the child from July 1 to January 1 of each year, and that defendant have the custody of the child from January 1 to July 1 each year until further orders of the court, and that during the time plaintiff had the custody of his daughter the defendant should pay to her for the use and benefit of the child the sum of $15 per month. Plaintiff is appealing from that order.

The petition, original judgment, motions to modify, and orders modifying the original judgment are the only parts of the record included in appellant's schedule and brought up for consideration on appeal, but appellee has filed a supplemental transcript which, in addition to the orders in the original transcript, contains copies of affidavits of appellee in support of his motion for modification and some matters in connection with a rule against appellee which are not pertinent to this appeal.

As grounds for reversal it is argued that the motion for modification of the judgment, pursuant to which the order appealed from was entered, did not state a cause of action or show any legal reason authorizing the court to modify the judgment, and therefore the demurrer to the motion should have been sustained.

Section 2123, Kentucky Statutes, provides, in substance, that on final judgment in actions for divorce, the court may make orders for the care, custody, and maintenance of minor children of the parties, and at any time thereafter may revise or alter same, having in view at all times the interest and welfare of the child or children. There are cases from this court, and especially earlier ones, holding that generally the father is entitled to the custody of infant children, but that the chancellor should always have in view the comfort, welfare, and happiness of the child, and may give preference to the mother over the father when, from relative habits or other circumstances, that would appear to be to the best interests of the child; see McBride v. McBride, 1 Bush 15; but the more modern trend of authority is that the chancellor should look only to the welfare of the child in determining its custody, and that the mother, if a suitable person, should be given preference when the child is so young as to need maternal nurture and care. At the time of this litigation, the child, Carlie Avis, was 12 years of age, and while the evidence in the divorce proceedings is not in the record, it is to be assumed that it sustained the judgment in every particular, including the awarding of the custody of the child to its mother.

In construing that part of section 2123 of the statute relating to petitions for revision or alteration of the judgment and orders for the care, custody, and maintenance of minor children, this court has given approval to a practice which has grown up of permitting the question of revision or alteration of such judgment or order to be raised by motion, but has consistently held that, whether by motion or by petition, grounds should be stated that would authorize the chancellor to grant the relief sought. See Hays v. Hays, 219 Ky. 284, 292 S. W. 773; Bishop v. Bishop, 238 Ky. 702, 38 S. W. (2d) 657; Wolfe v. Wolfe, 242 Ky. 162, 45 S. W. (2d) 1043. The motion for modification of the order entered in 1936 modifying the original judgment with respect to the sums to be paid appellant etc., is just a bare motion for modification and does not set forth any facts or representations concerning changed circumstances or conditions that would warrant a modification of the former judgment or order, and, therefore did not comply with the requirements of the statute as construed by this court with respect to petitions or motions for

the modification of such judgments. It follows that so far as the original record discloses the chancellor was not authorized to enter the order appealed from.

A motion to strike the supplemental transcript has been passed to the merits, but we deem it unnecessary to pass upon that motion, since the only additional matter shown by the supplemental transcript that is pertinent is the affidavits of appellee. If the failure to state sufficient grounds or cause for the modification in a motion or petition for modification as provided in section 2123 of the statute may be remedied by affidavit, we find that the affidavit of appellee merely sets forth that appellant has a small income and for a short time lived with her father and had very little expense; that she has since married, and her husband is able to and should care for her and the child. It is further stated that the child has been prejudiced against appellee. None of the matters set forth in the affidavits operate in any degree to relieve appellee of the duty to support his child. He does not set forth any changed circumstances or conditions indicating that he is less able to meet that responsibility than he was when the original judgment was entered, nor does he show that the mother is less suited or that he is better suited to have the custody of the child than they were at the time the chancellor under the evidence entered the original judgment giving the custody and care of the child to the mother. Since there is neither allegation nor proof in the original or supplemental record of such changed circumstances or conditions as would authorize the court to modify the original judgment or order, we are constrained to hold that the court upon the showing made erred in entering the order appealed from.

Wherefore, the judgment and order appealed from is reversed, with directions to set it aside.