STEFONICK, Respondent, v. STEFONICK, Appellant.

No. 8607

Submitted Dec. 14, 1945. Decided March 30, 1946.

167 Pac. (2d) 867

Messrs. Gilbert & Gilbert, of Dillon, and Messrs. Gunn, Rasch & Gunn, of Helena, for appellant.

Mr. John Collins, of Dillon, and Messrs. Maury & Shone, of Butte, for respondent.

MR. JUSTICE ANGSTMAN delivered the opinion of the Court.

Defendant has appealed from an order fixing counsel fees and costs to be paid by him to plaintiff on the appeal by him from the judgment in plaintiff's favor, which appeal is numbered 8572 in this court, 167 Pac. (2d) 848.

The order which was made upon plaintiff's petition fixed attorney's fees in the sum of $2,500 and costs in the sum of $310.

Defendant contends that the court erred in making the order for three reasons. One reason urged by defendant is that the main action for divorce is not being prosecuted by plaintiff in good faith. The outcome of the appeal in the main action, No. 8572, and what is said in the opinion therein, are sufficient to demonstrate that this contention is without merit.

The defendant also argues that the court erred in reciting in its order that "no evidence was offered by the defendant, Peter Stefonick," whereas the record discloses that by stipulation and at his suggestion the bill of exceptions in the main action was considered a part of the record in this matter by reference. This recital in the court's order will be treated as surplusage and harmless error unless the bill of exceptions in the main case would compel a different result.

We shall hereinafter point out what that bill of exceptions reveals, so far as it bears upon the issues in this matter.

The point urged by defendant with the most emphasis is that the court erred in receiving in evidence the affidavit of plaintiff and that without it the evidence is insufficient to show the necessity for an allowance of attorney's fees and costs. It is urged by plaintiff that the affidavit was

admissible as evidence because of section 10636, Revised Codes, reading: "An affidavit may be used to verify a pleading or a paper in a special proceeding, to prove the service of a summons, notice, or other paper in an action or special proceeding, to obtain a provisional remedy, the examination of a witness, or a stay of proceedings, or upon a motion, and in any other cases expressly permitted by some other provision of this code." The affidavit purported to show the necessity for an allowance of attorneys' fees and costs in resisting the appeal. Defendant's contention that this affidavit was inadmissible as evidence must be sustained.

Construing an identical statute in California, in the case of Pavaroff v. Pavaroff, Cal. App., 130 Pac. (2d) 212, 214, the court said: "A most casual reading of the statute serves to make clear that it was enacted to obviate oral testimony on certain incidental matters only 'where serious and frequent inconvenience would be caused by requiring the calling of witnesses in court and where under the special circumstances there is little reason to fear false testimony and little need for the searching process of cross-examination.' Wigmore on Evidence. vol. VI, secs. 1709, 1710. No court, so far as we are advised, has ever assumed, much less held, that under statutes such as section 2009 of our Code of Civil Procedure basic and controlling issues of fact could be tried by affidavits, in whole or in part. Statutes substantially similar to section 2009 are in force in the Canal Zone, Idaho, Kansas, Kentucky, Montana, Nevada, Oklahoma, Oregon, Philippine Islands, Puerto Rico, South Dakota and Texas, but in none of the decisions construing these statutes is there the semblance of a thought favoring the view expressed by respondent. On the contrary, the Supreme Court of Idaho, in Cornelison v. Cornelison, 53 Idaho 266, 23 Pac. (2d) 252, 253, involving the identical question before us and the construction of a statute identical with ours, reversed the trial court for basing its decision on affidavits, with instructions that the question of a change of custody be rested 'upon the testimony of witnesses

in open court, tested by cross-examination.' 'For similar holdings see Wolfe v. Wolfe, 242 Ky. 162, 45 S. W. (2d) 1043; Passantino v. Passantino, 255 App. Div. 713, 5 N. Y. S. (2d) 697, and Rizzo v. Rizzo, 246 App. Div. 838, 284 N. Y. S. 853.''

Also in Lacrabere v. Wise, 141 Cal. 554, 75 Pac. 185, 186, the court declared the purpose of the California statute identical with our section 10636 by saying: ''But this section has no application to the proof of facts which are directly in controversy in an action. It was not intended to have the effect of changing the general rules of evidence by substituting voluntary ex parte affidavits for the testimony of witnesses. The section only applies to matters of procedure; matters collateral, ancillary, or incidental to an action or proceeding; and has no relation to proof of facts the existence of which are made issues in the case, and which it is necessary to establish to sustain a cause of action.''

To the same general effect is Watkins v. Grieser, 11 Okl. 302, 66 Pac. 332. The affidavit is simply the means of instituting the proceedings and furnishes the basis upon which an order to show cause may issue. Compare Van Dine v. Mayor and Council, 139 A. 342, 5 N. J. Misc. 1066.

The function of the affidavit in matters of this character is to tender issues much as a complaint in an action. Vonherberg v. City of Seattle, D. C., 20 F. (2d) 247; Matter of Eldridge, 82 N. Y. 161, 37 Am. Rep. 558; Kantor v. City of Perth Amboy, 122 N. J. L. 588, 7 A. (2d) 403.

Of course an affidavit may be considered as evidence if it be received without objection (Falk v. Falk, 48 Cal. App. (2d) 780, 120 Pac. (2d) 724), or if no issuable fact is presented by a contest (In re Liter's Estate, 19 Mont. 474, 48 Pac. 753), or where the statute expressly permits it as on motions for new trial or in the case of the granting of a temporary restraining order. Wetzstein v. Boston & M. Consol. Copper & Silver Mining Co., 26 Mont. 193, 66 P. 943.

Where, as here, there was objection made to the affidavit as evidence and where there was a contest involved, and

where the effect of an adverse order was tantamount to a judgment for money, proof of facts may not be made by ex parte affidavits without the right of cross-examination.

It remains to determine whether the court's order can stand on ▮ evidence aside from the affidavit of plaintiff. That $2,500 is a reasonable fee was testified to by Mr. Maury. He also testified that about $310 was needed to pay for printing the brief on appeal. The reasonableness of these items is not questioned by defendant, but only the adequacy of the proof of plaintiff's necessity. As above noted, by agreement of the counsel the bill of exceptions in the main action was considered a part of the record in this matter.

From that bill of exceptions it appears that plaintiff testified as follows:

"Q. You have been getting one hundred seventy-five dollars a month temporary alimony since shortly after you filed your complaint? A. That is right.

"Q. Do you have any other money besides that? A. No, I do not."

From the record it appears, and both parties concede, that plaintiff has received from the time her complaint was filed until the hearing on the motion here involved the sum of $3,325 and $175 per month since then, and her counsel has received $550. At the time of the hearing she was in some branch of the military service presumably receiving at least $54 per month in addition to her board, lodging and clothing.

From these facts defendant contends there must be drawn the inference that she is able to pay counsel fees and costs on the appeal, or that there is at least a failure of proof of any necessity for an allowance for those purposes. We do not so view the matter. The award of $175 per month was made upon a finding of necessity for maintenance. Presumptively that award has been consumed in the costs of the necessities of life and has actually been used for the purpose for which it was awarded. When plaintiff entered the military service the record does not reveal, but at most her earn-

ings in that service would have furnished ground for modification of the decree and would not show or justify an inference that she is able to pay a $2,500 attorney fee or the $310 item of costs. Her testimony in the bill of exceptions shows that she has no other source of income than the $175 per month which presumptively is used for the intended purpose of maintenance. There is sufficient evidence in the record to warrant the court's order and it is accordingly affirmed.

Mr. Chief Justice Johnson, and Associate Justices Morris, Adair, and Cheadle, concur.