# Hettie v. Bard.

March 19, 1948.

W. L. Rose and Joe Feather for appellant.

Ray Shehan and Boone Smith for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

The appellant, Nancy Nadine Hettie, and the appellee, Cecil V. Bard, Jr., were formerly husband and wife. They had one child, Cecil Jake Bard, who was less than two months of age when the appellee obtained a judgment of divorce on July 19, 1941. The judgment made no provision as to the custody of the child. The appellee entered the military service of the United States on January 12, 1942, and was discharged on January 14, 1946. On July 9, 1943, the mother of the child instituted a habeas corpus proceeding in the Harlan Circuit Court against the child's paternal grandparents in which she asserted her right to possession of her son, then two years of age. The Circuit Court entered a judgment directing the grandparents to surrender possession of the child, and on appeal to this court the judgment was affirmed. Bard v. Bard, 295

Ky. 254, 173 S. W. 2d 569, 571. It was said in the opinion that there was no evidence that the mother was unable to provide for the child or unfit to have the custody, and it was held that as between the grandparents and the mother the latter was entitled to custody. The opinion concluded:

"The foregoing is not nor shall it be taken as conclusive or as reflecting in any way on the right of the husband and father, now in the Armed Service, to assert any claim he may choose either to the custody or right of visitation to the child. The judgment below only went to the extent of holding that as between appellants and the mother the former should surrender custody to the mother, and as so rendered is now affirmed."

After obtaining possession of the child, appellant returned to Troy, New York, where she had been living with her married sister. In January, 1945, she married Michael K. Hettie, who was employed in Albany, New York. She continued to permit the child to visit his grandparents in Harlan, Kentucky. Cecil V. Bard, Jr., father of the child, also married in January, 1945, while he was in military service, and after his discharge in January, 1946, established a home in Harlan, Kentucky, where his parents lived. On March 30, 1946, he instituted the present action in the Harlan Circuit Court. He alleged in his petition that appellant was not a fit and proper person to have custody of the child, and he asked that custody be awarded to him. At the time the petition was filed the child was living with his paternal grandparents in Harlan. He had been with them since December, 1945. The appellant filed an answer traversing the allegations of the petition, and a counterclaim in which she sought to have custody of the child awarded to her. The answer and counterclaim were filed August 21, 1946. Considerable proof was heard, and on October 29, 1946, a judgment was entered dismissing appellant's counterclaim and awarding custody to the appellee. The judgment was based on the court's finding that appellant is not a fit and suitable person to have custody of the child, and that the welfare of the child will be best served by awarding his custody to the father. This appeal was filed November 7, 1947. The proof shows that appellant, since her mar-

riage in January, 1945, has spent much time in Jellico, Tennessee, though her husband is employed in Albany, New York. She spent most of the year 1946 in Jellico where her brother and other relatives live. She claimed that she went to Jellico with her husband's consent to care for her brother and sister-in-law who were ill. Three witnesses, including the police judge and the chief of police of Jellico, testified to facts which, if true, show that appellant is not a suitable person to have the custody of the child. Appellant denied she was guilty of the conduct attributed to her by these witnesses and asserted it was a case of mistaken identity, but her testimony is not convincing. Her principal contentions on this appeal are that the petition did not state a cause of action, and the chancellor should not have considered the testimony of the witnesses who testified concerning improper conduct on her part.

The petition did not set out the facts upon which the plaintiff based his charge that the defendant was not a suitable person to have custody of the child, and Roberts v. Roberts, 272 Ky. 503, 114 S. W. 2d 740, is cited in support of the contention that the petition did not state a cause of action and should have been dismissed. In the Roberts case the mother of the child was awarded custody in the judgment granting the divorce. The father later filed a motion in the divorce case asking that the judgment requiring payments for the use and benefit of the child be modified, and that he be awarded the custody of the child. A demurrer to the motion was overruled. It was held that a petition or motion for revision or alteration of a judgment for the care, custody and maintenance of minor children should set forth facts concerning changed circumstances or conditions that would warrant a modification of the former judgment or order. In the present case no judgment or order concerning the custody of the child was entered in the divorce action, and the question of custody as between the father and mother was raised for the first time in appellee's petition. No demurrer to the petition was filed, but appellant filed an answer and counterclaim in which she set forth grounds warranting the award of custody to her. A reply was filed, and the parties proceeded to take proof. Issue was joined on the question of custody, and the pleadings and proof

were sufficient to authorize a determination of that question by the court. This is true even if the petition had been one to modify a former judgment or order concerning the custody of the child. Hays v. Hays, 219 Ky. 284, 292 S. W. 773.

It is next argued by appellant that the testimony of the witnesses concerning improper conduct on the part of appellant should not have been considered by the court, since there was a total failure to comply with KRS 403.030 which requires that two witnesses, or one witness and strong corroborative circumstances, shall be necessary to sustain the charge of adultery or of lewd and lascivious behavior, and the credibility or good character of the witnesses must be personally known to the judge or personally known to and certified to by the officer taking the deposition, or else must be proved. KRS 403.030 applies to divorce actions where adultery or lewd and lascivious conduct is charged. The present action is not a divorce proceeding, but is an independent action for custody of the child, and the section of the statutes cited by appellant has no application. It follows that the evidence complained of by appellant was competent. It is not seriously contended that the evidence, if competent, is insufficient to sustain the judgment. We think the evidence fully sustains the chancellor's finding that it will be for the best interest and welfare of the child to award his custody to appellee.

Judgment is affirmed.