## Hatcher v. Hatcher.

March 24, 1950.

Lawrence F. Speckman, Judge.

Charles E. Peyton and Harold R. Marquette for appellant.

John H. Dougherty and Beulah Hampton Owsley for appellee.

Morris, Commissioner—Affirming.

On July 20, 1943, appellee filed petition seeking absolute divorce from appellant on the ground of cruel and inhuman treatment, and custody of their two infant children, maintenance, alimony and a division of jointly acquired property. The record does not show any defensive pleading. For some reason not appearing judgment was not entered until September, 1945. In July, 1945, by agreement of parties, an allowance of $80 per month for the children was agreed until further orders. This agreement contained this provision: "An agreement is to be drawn subsequently settling property rights, and is to incorporate the sum set out as maintenance for their children." This agreement was signed by the parties.

On August 29, 1945, there was filed in court an agreement dated July 26, 1945, whereby the parties made settlement of property rights. This provided that Mrs. Hatcher should have custody of the two children with rights of visitation by defendant. It was agreed that defendant should pay $60 semi-monthly to plaintiff during pendency and $40 semi-monthly "thereafter for maintenance of the children." Plaintiff relinquished all claims for alimony. The agreement closes with these words: "It is agreed and understood that this agreement shall be made a part of any judgment that may be entered in this action," and was subscribed and sworn to by both parties and signed by counsel for appellee.

The commissioner made report of his findings on September 9, 1945, filing the agreement of record; he recommended that plaintiff be granted absolute divorce, and that "the agreement be made a part of the judgment." On September 12 the court noted that no exceptions had been filed, and adjudged that appellee be granted absolute divorce, and that there should be a restoration of property. The agreement was not made part of the judgment, but it seems to be agreed that Mrs. Hatcher took custody of the children and appellant had complied in part with the agreement as to maintenance for the children.

On June 6, 1946, appellant "in person and by counsel" responded to a rule issued against him to show cause why he should not be required to pay $520 arrearage due on that date. The commissioner reported that appellant had in bank a special fund to the amount of $330, which he refused to turn over to plaintiff's counsel. This report showed that both parties had been "remarried and plaintiff is living in California with the two infant children." The commissioner recommended that a judgment be entered for the defaulted payments. No exception was filed, and on June 18 judgment was entered for the amount, without exception by appellant.

On January 25, 1947 appellant was again ruled to show cause why a common law judgment should not be entered against him for $220, the amount then in arrears. On a hearing in February, appellant not appearing, the commissioner reported that since the agreement had not been incorporated in the judgment he was of the opinion that "a rule would not lie for its enforcement, therefore, a common law judgment could not be entered on it, although the agreement may be enforced by separate action." This report though filed was not confirmed.

On March 15, 1949, appellant was served with notice that on a given date and certain time, plaintiff would move to have the agreement pertaining to maintenance for the children "entered as a part of the judgment in said action." This notice seems to be in full accord with Civil Code of Practice, Sec. 624 as to form, substance and service. There is no written motion shown. On March 22, 1949, the matter was submitted on "the motion of the plaintiff, said agreement having been con-

firmed by the court and of record, the same is hereby incorporated in the judgment heretofore entered." Appellant excepted and was granted appeal.

When the first report of the commissioner was made to the court the chancellor indorsed on the file jacket, "Submitted on motion; judgment for divorce; agreement not to be incorporated in judgment." The contention of appellant is that the so-called supplemental judgment is a nullity, because the court was without power to supplement the original judgment three years and seven months after its entry, and that the court cannot treat it as a modified judgment, unless the appellee be given opportunity to plead. Citing KRS 403.070; Civil Code, Secs. 445—447, and cases from this court.

We are not concerned with the discussion as to the reasons why the chancellor made the notation with reference to the non-incorporation of the agreement in the judgment. Whether it was because he was "looking to the welfare of the children" or because it did not comply with the written or unwritten rules of the Jefferson Circuit Court, as to proper certification, does not appear. It may have been concluded that it conformed to the rule.

One of the main objections is that the record does not show a written motion, "so that appellant could be apprised of what was to be sought" pursuant to the written and served notice of the proposed motion, which gave full notice of what would be sought. The court recited that the matter was submitted on plaintiff's motion. Sec. 623, Civil Code of Practice, does not require a motion to be in writing; it is "an application for an order."

Appellant agrees that the subject of custody of the children and their support can be brought in issue at any time after judgment by filing a motion or petition which alleges a change of condition of parties. KRS 403.070; Bishop v. Bishop, 238 Ky. 702, 38 S. W. 2d 657; Roberts v. Roberts, 272 Ky. 503, 114 S. W. 2d 740. The section of the statute referred to relates to a "revision * * * having in mind at all times the welfare of the children." The order entered by the court was not in that sense a revision of the judgment.

There is in question here not only the allowance to

the children but their custody, both of which were solemnly fixed by the agreement. We have held more than once that a judgment relating to the custody and support of infant children may be modified or set aside at any time on notice and motion, the power of the court not being limited to the term at which judgment is entered, Franklin v. Franklin, 299 Ky. 426, 185 S. W. 2d 696, and the questions of custody and support are left indefinitely in the original trial court, and these matters may be brought up on motion. Wright v. Wright, 305 Ky. 680, 205 S. W. 2d 491. Certainly if the court has jurisdiction to modify or revise a judgment relating to custody or support at any time, the original court could properly enter an order perfecting an incomplete judgment, whether it be called a modified, revised or supplement judgment. The court had power to enter a nunc pro tunc order completing the judgment and had ample memorandum by way of agreements and reports of the commissioner.

It is argued that the rights of appellant are prejudiced by the supplemental judgment; that being retroactive from the date of the original judgment it would "work such a hardship on appellant as to be prohibitive." As we read the correcting judgment it shows only that the agreement as to the children "is incorporated in the judgment entered on September 12, 1945." Whether or not enforcement of the judgment would be "prohibitive or work a hardship" on appellant will depend on how far or to what extent he has heretofore carried out his agreement, matters not divulged in the record, or whether he has complied with the judgment of June 18, 1946, for defaulted payments.

Our conclusion is that the chancellor had the power to complete or correct the original judgment and that appellant is not prejudiced by the correction, since if process or rule be later issued he will have opportunity to respond and present any facts showing such a change of condition or other defense as would justify a *revision* of the judgment, or he may have recourse to and take advantage of the provisions of Section 403.070, KRS; Middleton v. Middleton, 235 Ky. 395, 31 S. W. 2d 615.

Our conclusion is that the judgment should be affirmed.