O. G. ESTES, Jr., Appellant,

v.

Dorothy Ann ESTES, Appellee.

Court of Appeals of Kentucky.

March 8, 1957.

Thomas D. Shumate, Shumate & Shumate and George C. Robbins, Richmond, for appellant.

Walter C. Cox, Jr., Thomas P. Bell, Lexington, for appellee.

WADDILL, Commissioner.

The parties to this action were granted a divorce on February 24, 1955. Custody of their infant children was granted to Mr. Estes. On September 14, 1955, Mrs. Estes filed a motion for a modification of the original judgment asking that custody of the children be awarded to her. Following a hearing, the motion was sustained, and this is an appeal from the judgment entered accordingly.

The appellant, O. G. Estes, contends that the motion for modification of the judgment was defective and that the proof heard on the motion was insufficient to warrant a modification of the former judgment. Appellee's motion, as amended, contained allegations to the effect that she had ceased using intoxicants, had changed

her way of living, and was now leading an exemplary life. This is sufficient averment of a change in condition to support a motion for modification. Roberts v. Roberts, 272 Ky. 503, 114 S.W.2d 740. Moreover, judgments concerning the welfare and custody of minor children are always subject to review by the court. Heltsley v. Heltsley, Ky., 242 S.W.2d 973.

■ We must consider whether there was sufficient proof to show a change in condition which would warrant favorable action on the motion. We have held that where a mother has been guilty of past indiscretions, but has reformed and is leading an upright life, the court will not let her past brand her as unfit to rear her children. Harp v. Harp, 314 Ky. 618, 236 S.W.2d 698. See also 27 C.J.S., Divorce, § 309(e). Appellee testified that she has not indulged in intoxicants since August of 1952, and that she has successfully and continuously held a position as secretary in a bank since 1952. Appellee's testimony is corroborated by several witnesses, including a priest. We believe the evidence was sufficient to justify the modification of the decree.

■■ Appellant also contends that the evidence discloses that the welfare of the children will best be served by not disturbing the original judgment. In child custody cases the welfare of the children is of paramount consideration. Simmons v. Simmons, 208 Ky. 614, 271 S.W. 679. This Court has often said that the custody of young children, upon divorce of their parents, should ordinarily be awarded to the mother as the person being best calculated to secure the children's happiness and well-being. Sparkman v. Sparkman, Ky., 256 S.W.2d 20. Considering this principle in connection with evidence tending to show that appellee has been cured of her addiction to alcohol and is now living a respectable life, we think the Chancellor was warranted in placing the children in appellee's custody.

■ The appellant asserts he is entitled to part-time custody of the children. The judgment provides for right of visitation on the part of the appellant at reasonable times, "until the further orders of this Court." In view of this order, we think the circuit court is the proper tribunal to direct the time, place, and conditions under which the appellant may have part-time custody of the infants herein involved. In the event some agreement as to visitation and part-time custody of the children cannot be arrived at by the parties, the appellant may at any time move the circuit court to grant him relief.

Judgment affirmed.