**Elvis POWELL, Appellant,**

v.

**Lucille POWELL, Appellee.**

Court of Appeals of Kentucky.

Jan. 19, 1968.

Joseph S. Freeland, Paducah, for appellant.

R. L. Myre, Sr., Paducah, for appellee.

DAVIS, Commissioner.

Elvis Powell appeals from an order denying relief on his plea for modification of a previous judgment relating to the custody of children and increasing the amount required to be paid by him for maintenance of the children. The appellant asserts that the order must be vacated because of the trial court's failure to make findings of fact and conclusions of law, because of the court's error in refusing to transfer custody of the children to appellant, and because of the increase in maintenance payments from $130 to $150 per month.

The parties were divorced by a judgment of the Livingston Circuit Court dated May 27, 1963. By the terms of the divorce judgment, custody of the two daughters of the parties, then aged eleven and five years, was granted to Lucille, and Elvis was directed to pay $130 per month for their maintenance.

On March 24, 1965, Elvis filed what he denominated as "Petition for Modification of Judgment," in which he asserted entitlement of custody of the children on the basis that Lucille "* * * has entered into and now maintains an open and notorious immoral relationship with [a man] to whom she is not married, and by reason of which plaintiff is no longer a fit and proper person to have the custody of said children."

Elvis also alleged that another change in circumstances had occurred by reason of his having remarried; he stated that his new home with his new wife would be a fit and proper place for the children to reside.

A full hearing was had respecting the allegations made by Elvis, and numerous witnesses were heard. There was no direct testimony tending to show any act of immorality or other improper conduct between Lucille and the alleged paramour. The evidence offered in behalf of Lucille was abundantly sufficient to warrant the trial court's denial of the relief sought by Elvis.

The so-called "Petition for Modification of Judgment" was, in fact, a motion. CR 7.01 enumerates the allowable pleadings and limits them. There is no provision for a "petition" in CR 7.01. It is provided by CR 7.02 that an application to the court for an order shall be by motion. The paper filed by Elvis was such an application to the court; hence, it was a motion. By the terms of CR 52.01, the trial

court was not required to state its findings of fact and conclusions of law. See LeBus v. LeBus, Ky., 408 S.W.2d 200. KRS 403.-070, dealing with applications for modification of custody orders, states that " * * * upon the petition of either parent, the court may revise any of its orders as to the children * * *." However, even during practice under the former Civil Code, when a petition was equivalent to the present complaint, the "petition" mentioned in KRS 403.070 was treated as a motion. See Wolfe v. Wolfe, 242 Ky. 162, 45 S.W.2d 1043, and cases there discussed.

■ As respects the contention that the trial court erred in refusing to grant Elvis custody of the children, it suffices to say that the evidence presented to the court was sufficient to persuade it that the best interests of the children would be served by leaving their custody with Lucille. The evidence adduced by Elvis was not sufficient to impel a finding in favor of Elvis. The trial court did not abuse its discretion by denying Elvis' motion to transfer custody of the children to him. Stillwell v. Stillwell, Ky., 420 S.W.2d 130.

■ We find no merit in appellant's contention that the court erred in increasing the maintenance allowance for the children from $130 to $150 per month. Although there was a showing that appellant's income was slightly less at the time of the hearing than it had been at the time of fixing the original amount of the allowance, it was also shown that the reasonable expenses incident to the maintenance of the children had substantially increased since the date of the original judgment. We are unable to say that the allowance fixed was excessive in light of the circumstances presented in this record.

The judgment is affirmed.

All concur except OSBORNE, J., who did not participate in the consideration of this case.