Roberta **WILHELM**, Appellant,

v.

Morris M. **WILHELM**, Appellee.

Court of Appeals of Kentucky.

Dec. 7, 1973.

Rehearing Denied Feb. 15, 1974.

Stuart L. Lyon, David Kaplan, Louisville, for appellant.

Joseph V. Mobley, Jr., Hubbs & Mobley, Louisville, for appellee.

CULLEN, Commissioner.

The appeal is from a supplemental decree, awarding custody of children, determining visitation rights of the noncustodial parent, fixing child-support payments, and making an allowance toward attorney's fee, which was entered after the decree of dissolution of marriage in a marriage-dissolution proceeding. The marriage which was dissolved was that of Roberta and Morris Wilhelm. They had two children, a son age 3 and a daughter age 5. The supplemental decree awarded custody of the children to Roberta but allowed Morris to have the children visit with him two afternoons a week from noon until 5 p. m., and on alternate weekends from Friday evening until 5 p. m. on Sunday, and for two weeks in the summer. Morris further was given the right, "as each child arrives at the proper age for enrollment," to enroll the children, at his expense, in the Louisville Jewish Day School. The supplemental decree directed Morris to pay child support in the amount of $90 per month for each child. It further directed Morris to pay $150 toward Roberta's attorney's fee.

The appeal is by Roberta, who complains that the visitation rights awarded Morris are too liberal. that under KRS 403.330 (1) the right granted him to enroll the children in the Jewish Day School was not authorized; that the amount fixed for support payments is insufficient; and that the same is true of the allowance for attorney's fee.

Both Roberta and Morris are Jewish, but Morris is very orthodox in his religious faith while Roberta is liberal in hers. It appears that this furnishes the potential for trouble as concerns the custody and education of the children.

■ The matter of visitation rights has been held by this court to be one peculiarly within the discretion of the trial court. See Estes v. Estes, Ky., 299 S.W.2d 785. We are not cited to any case in which this court has reversed a trial court on an abuse of discretion as to visitation rights. On the other hand, reversals have been made in cases where the trial court has granted *split custody*. See McLemore v. McLemore, Ky., 346 S.W.2d 722. The visitation rights granted in the instant case are extremely liberal and border on amounting to split custody, particularly in regard to the twice-a-week afternoon visits, of which Roberta especially complains. It may be considered, however, that the provision for those visits simply will become inoperable when the children start attending school. We cannot say that the visitation provisions constitute an abuse of discretion, but we believe that the trial court should remain alerted to the potential of trouble in weekly exposure of the children to conflict in the area of religious views.

■ The provision of the supplemental decree allowing Morris to enroll the children in the Jewish Day School was made in complete disregard of KRS 403.330(1) and therefore it must be struck down. The statute provides as follows:

"Except as otherwise agreed by the parties in writing at the time of the custody decree, the custodians may determine the child's upbringing, including his education, health care, and religious training, unless the court after hearing, finds, upon motion by the noncustodial parent, that in the absence of a specific limitation of the custodian's authority, the child's physical health would be endangered or his emotional development significantly impaired."

In the instant case there of course was no *agreement* to allow Morris to determine education or religious training, nor did he *move* for a hearing on that issue, nor was there a *finding* by the trial court that to allow Roberta to determine the children's education and religious training would endanger their physical health or significant-

ly impair their emotional development. And as we read the evidence, such a finding would have been unauthorized, because there was no contention that Roberta would not provide the children with a satisfactory education, and it could not reasonably be considered that any failure on her part to expose the children to the amount of religious training incidental to being educated in a parochial school would significantly impair their emotional development.

 On the question of child-support payments, the evidence was that Morris' take-home pay, as a college professor, was $967 per month, and Roberta's, as a social worker, was $570 per month. This award strikes us as being on the borderline of inadequacy to maintain the children according to their accustomed standard of living. It is probable that the circuit court, in fixing the award, took into consideration the obligation for tuition payments Morris would incur in sending the children to the Jewish Day School. Since under this opinion he will be relieved of that obligation, we direct the circuit court upon remand of the case to reconsider the question of the amount of child support.

 The amount Morris was directed to pay toward Roberta's attorney's fee was $150. KRS 403.220 provides that the circuit court, "after considering the financial resources of both parties," may order one party to pay a reasonable amount for the attorney's fees of the other party. The appellant, in her brief, does not mention the financial resources of the parties, other than their earning capacities, so we are not furnished any ground on which to hold that the circuit court's order was not proper in the light of the respective financial resources of the parties. Furthermore, Roberta's attorney was not made a party to the appeal. In Tyler v. Bryant, Ky., 394 S.W.2d 454, it was held that this court would not review an allowance for attorney's fees in a divorce case unless the attorney was made a party to the appeal, and

that this rule would apply where the allowance was made to the wife as well as where it was made directly to the attorney. We see no reason why this rule should not continue to apply in marriage-dissolution cases under KRS 403.220.

To the extent indicated in this opinion the judgment is reversed with directions for further proceedings in conformity with this opinion; in all other respects the judgment is affirmed.

All concur.