138 19TH STREET, JACKSON HEIGHTS, INC., Appellant, v. THE QUEENSBORO CORPORATION, QUEENSBORO INVESTING COMPANY and QUEENSBORO APARTMENTS, INC., Respondents.— The action was to recover from defendants the amount of deficiency of rent of a co-operative apartment extending over a period of twelve or thirteen years, apparently based on defendants' alleged breach of an agency agreement and defendants' alleged contractual liability. A cause of action which contained allegations of fraud and conspiracy was also set forth. The verdict was for defendants. Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Carswell, Davis, Adel and Close, JJ.

RUTH PASSANTINO, Appellant, Respondent, v. CHARLES V. PASSANTINO, Respondent, Appellant.— In an action brought by the wife for a separation, in general on the ground of cruel and inhuman treatment and failure to provide, the defendant interposed a counterclaim for separation on the ground of abandonment. After a four-day trial in which the trial justice had full opportunity to observe the witnesses, he held that the plaintiff had given false testimony, and the evidence produced in support of her cause of action was not credible, and made findings dismissing her complaint. There were further findings that the plaintiff abandoned defendant and that the latter was entitled to a separation. Defendant was awarded the custody of the older child, Charles, Jr., and the plaintiff the custody of the younger child, Richard, with right of visitation to both parties. The award of the custody of the child to plaintiff was upon condition that she should provide a home separate and apart from that of her parents and the members of her family. Subsequent to the entry of final judgment the defendant moved to amend it by taking the custody of the younger child from the mother and awarding it to himself on the ground that the plaintiff was refusing contumaciously to permit visitation to the child by defendant and to comply with the conditions of the order, and on the further ground that the plaintiff was not a fit, suitable person to have custody of the child. This motion was opposed by the plaintiff. Voluminous affidavits were filed by both parties, containing acrimonious and highly recriminatory charges and much immaterial matter. The order was granted, among other things, amending the judgment and giving custody of the younger child to defendant. Judgment unanimously affirmed, without costs. (See Boyd v. Boyd, 252 N. Y. 422.) Order amending judgment and the amended judgment entered thereon reversed on the law and the facts, without costs, and matter remitted to the Special Term to take proof, on notice, as to the proper custody of the child Richard in the interest of his welfare, either by proof made at Special Term or before an official referee, as the Special Term may direct. In view of the highly controverted questions, we think the matter of custody should not have been determined on affidavits, either as a matter of law or in the exercise of discretion. (Fennessey v. Fennessey, 232 App. Div. 342; Rizzo v. Rizzo, 246 id. 838.) Lazansky, P. J., Davis, Johnston, Adel and Close, JJ., concur.