MILDRED E. THOMPSON v. GORDON J. THOMPSON.[1]

October 31, 1952.

No. 35,925.

*William W. Essling,* for relator.
*Harvey J. Diehl,* for respondent.

KNUTSON, JUSTICE.

This is an original proceeding for a writ of prohibition to restrain one of the judges of the district court of the second judicial district from proceeding with the determination of an application for an order changing the custody of a minor child or with the enforcement of such order.

The essential facts, as we have them from the petition for the writ of prohibition and the return together with the original files which we have examined, may be summarized as follows:

Relator and respondent were married on March 30, 1944. In a divorce decree entered on April 11, 1949, the court found "That

[1]Reported in 55 N. W. (2d) 329.

plaintiff [relator here and the mother of the child] is a suitable and proper person to have the custody and care of the minor child of the parties Garry G. Thompson," who was then nearly five years of age, and made separate provisions for the support of the child by defendant (respondent here and the father of the child). In the time intervening, respondent was cited before the court; was found guilty of contempt for failure to comply with the court's order; and, thereafter, was permitted to purge himself of the contempt by making the payments required of him by the original decree.

On May 6, 1952, respondent made and served a notice of motion for an order amending the judgment and decree of divorce so as to grant him custody of the minor child upon the ground that relator was not a fit and proper person to have such custody. At an informal hearing before the court in chambers the matter was referred to the probation officers for investigation, who in turn referred the matter to a welfare agency. At the request of counsel for relator the court also ordered that an examination of relator be made by a psychiatrist. Prior to the final order of the court, relator's counsel wrote the trial judge that counsel for the respective parties had been unable to agree on a disposition of the matter and demanded a full hearing in open court upon oral testimony. Disregarding such demand and apparently relying largely on the report of the welfare agency and the psychiatrist, the court, on August 13, 1952, made its order granting custody of the child to respondent. Thereafter we issued our alternative writ of prohibition staying all further proceedings.

The question presented here is whether either party is entitled, as a matter of right, to a hearing in court upon a motion to change the custody of minor children after such custody has been awarded to one or the other parent in a divorce decree.

M. S. A. 518.18 grants to the court power to amend divorce decrees with respect to the custody of children and reads:

"The court may afterward, from time to time, on the petition of either parent, revise and alter such order concerning the care, custody, and maintenance of the children, or any of them, and make

such new order concerning them, as the circumstances of the parents and the benefit of the children shall require."

Our statute prescribes no specific procedure. In Arne v. Holland, 85 Minn. 401, 89 N. W. 3, custody of a minor child had been awarded to the mother and father alternately over a period of years. Some time thereafter the father, claiming that the mother had violated the terms of the decree, commenced a separate action asking for a modification of the decree so as to grant him custody. After a trial, the court made findings modifying the divorce decree. By way of dicta, this court said (85 Minn. 403, 89 N. W. 4):

"Appellant has entirely misconceived the nature of the proceeding. He was entitled to a hearing upon the modification of the decree as to the custody and control of the child, but application therefor should have been made by way of direct petition in the original case, and not by the commencement of an independent action. Under such petition it would be discretionary with the court whether the evidence be confined to affidavits, or witnesses be called and examined orally before the court.

"* * * The statute contemplates a short and speedy remedy regarding the modification of such decrees or orders. The ultimate question to be determined by the court upon such a hearing is, do the child's interests demand a modification of a preceding order?

"The court is not limited to any particular line of inquiry, and is not bound by the strict legal rules governing the introduction of evidence, and its orders and directions in that respect cannot be subject to the same legal tests usually applicable in the trial of causes. The test to determine the validity of the court's order in such proceedings is, was there an abuse of discretion?"

The general rule is that in proceedings for the modification of orders, judgments, or decrees in divorce relative to the custody of minor children notice and an opportunity to be heard are required whether provided for by statute or not. 17 Am. Jur., Divorce and Separation, § 685; Annotation, 76 A. L. R. 253. In 27 C. J. S., Divorce, § 317c(6), the rule is stated thus:

"There can be no change of custody without a hearing, at least where a hearing is demanded, and one who seeks to modify the decree is entitled to a hearing on presenting adequate grounds for modification. The proceedings are equitable, and are determined and disposed of according to the rules of equity. It is not proper for the court to submit a motion to modify to a referee, and when a jury is permitted to hear the case its verdict is advisory only. The determination of the question should be based on the testimony of witnesses tested by cross-examination rather than merely on affidavits, and if objection is made affidavits may not be considered. The question must be determined on evidence produced in court rather than on information obtained by a private investigation, although under some statutes the report of an investigator appointed by the court may be considered, but the report is advisory only. The court has authority to require the child to be present at the hearing, and the child may be examined as to its preference by the court, but the examination should be held out of the presence and hearing of the parents. The court may modify the decree as between parents without a finding as to fitness or unfitness, but it cannot award custody to a third person without a finding of unfitness of the parents or without hearing evidence thereon. A modification of custody because of the unfitness of the custodian must be based on clear and convincing evidence, and hearsay testimony is insufficient."

This rule is followed by the courts of many states. In Passantino v. Passantino, 255 App. Div. 713, 5 N. Y. S. (2d) 697, 698, the New York court said:

"* * * In view of the highly controverted questions, we think the matter of custody should not have been determined on affidavits, either as a matter of law or in the exercise of discretion."

In State ex rel. Tatum v. Ramey, 134 Mo. App. 722, 725, 115 S. W. 458, 459, in granting a writ of prohibition to restrain the trial court from changing the custody without a hearing, the Missouri court said:

"* * * The situation as it existed when the decree was rendered is conclusively determined by the decree. A change of the decree, as authorized by the statute, can only be made where new facts have developed or a change in the situation has occurred which makes it proper. To ascertain this there must be notice to the parties and a hearing had. * * *

* * * * *

"* * * While the court had jurisdiction of the application to change the decree, we are satisfied that in changing it at the time and in the manner stated, it acted without legal right and exceeded its jurisdiction."

In Bestel v. Bestel, 153 Ore. 100, 107, 44 P. (2d) 1078, 53 P. (2d) 525, 528, the Oregon court said:

"* * * In the absence of a showing that some change in the condition of things has occurred subsequent to the entry of a decree of divorce which awards the custody of a minor child to one of its parents, or that there has been some misconduct on the part of the one having the custody, the decision of the court awarding the custody of a minor child is final and can not be modified by the court rendering it. See Merges v. Merges, 94 Or. 246 (186 P. 36); Rasmussen v. Rasmussen, 113 Or. 146 (231 P. 964); Ellenburg v. Woodson, 131 Or. 440 (283 P. 27); Sachs v. Sachs, 145 Or. 23 (25 P. (2d) 159, 26 P. (2d) 780). And when an order changing the custody of a minor child is made, it can be done only after notice and an opportunity to be heard has been awarded to the parties and an order made and entered in the suit."

In Cornelison v. Cornelison, 53 Idaho 266, 270, 23 P. (2d) 252, 253, the Idaho court said:

"The welfare of minor children of a union dissolved by divorce is of such grave importance that a court should never be satisfied in determining a matter of this kind except upon the production of the best evidence possible to be procured.

"The affidavits are, to a degree, sterotyped and conflicting, and because of the violent charges and countercharges therein, we do

not feel the disposition of these children should rest upon the trial court's or our conclusions drawn from them, but should be based upon the testimony of witnesses in open court, tested by cross-examination."

The following language of the court in Smith v. Smith, 209 Wis. 605, 610, 245 N. W. 644, 646, is particularly apropos of the fact situation we have before us here:

"* * * where a hearing is demanded, a hearing should be given. The witnesses should be sworn and an opportunity given to cross-examine them. The testimony should be taken by the reporter so that a record may be made in case either of the parties desires to appeal and have such order reviewed. We have not before us in this appeal any record of what was said by the attorneys, what informal conversations were had between the court and the witnesses, what testimony, if any, was given, and what in fact the court acted upon. In a matter of such vital concern to the parties and to the child whose interests are of paramount importance, a record should be made to the end that a party may not be denied an effective appeal."

The investigation and recommendation of the welfare agency in this case is based almost entirely upon hearsay statements of individuals interviewed. Relator has had no opportunity to cross-examine such witnesses or to refute their charges by other witnesses. The opinion of the psychiatrist is based partly on his interview of relator and partly on the report of the welfare agency on the assumption that the statements therein could be verified. Characteristic of the report of the psychiatrist and the basis for his opinion are the following:

"Assuming the histories given to me by Family Service to be substantially correct and true (not necessarily true in every detail), taking it into consideration with the narrative given me by Mrs. Thompson and also her manner of telling her story, her general demeanor during the one and a half hour interview, and taking into consideration *the picture as a whole,* and not considering each

individual element and detail separately, I am of the following opinion:"

Thereafter, he states his opinion. In another part of his report he states:

"About this time, it was pointed out to Mrs. Thompson that, *if the items reported by Family Service could be verified,* and if she continued to deny them, I would have to form certain opinions and come to certain conclusions which would not be in her favor as far as recommending custody of Gary was concerned. I then went on to recite other items reported by Family Service." (Italics supplied.)

We believe that the rule should be, where there has been no waiver of the right, that an order amending a divorce decree so as to change the custody of children should be based upon a hearing in which witnesses may be cross-examined and in which a record is made which effectively may be reviewed on appeal. If, in the trial of an action for divorce, the fitness of a parent to have custody of minor children is in issue, no one would contend that such parent could be deprived of the right to cross-examine the witnesses upon whose testimony the court was to base its findings. It is difficult to see why a parent should be deprived of the same right, where the same question is at issue, on a motion to change the custody after the entry of the original divorce decree.

Respondent contends that both parties agreed to the procedure here followed by the trial court. In this he is supported by the memorandum of the trial judge. Relator, by affidavit, denies such agreement and the record fails to establish it. Affidavits of other individuals present in the court's chambers when the matter was first informally discussed would establish that relator did agree to an investigation by the welfare agency and an examination of relator by a psychiatrist. There is nothing in the record to show that relator intended that such examinations would be conclusive, that she thereby waived a right to a hearing, or that the report of the welfare agency and the psychiatrist should take the place of such hearing. Where rights as vital as the right to a hearing in

which a record can be made that may be reviewed on appeal and the right to cross-examine witnesses, upon whose statements a finding of fitness to have custody of minor children is to be based, are to be waived, it should be done by written stipulation; or it should clearly be made to appear from the record. Otherwise we cannot assume that all parties have agreed to it with a full understanding of its implications. In the absence of such showing, we must conclude that the right has not been waived.

We are of the opinion that the court exceeded its authority in denying relator a hearing. The writ should be and is made absolute. It is further ordered that the order of the court changing the custody of the minor child of the parties is hereby annulled.

In view of the fact that a genuine dispute existed as to the proper procedure to be followed, no costs or disbursements are allowed to either party.

Writ made absolute.