In re the Marriage of Claudia R. HUMMEL, petitioner, Appellant,

v.

Conrad W. HUMMEL, Respondent.

No. 51023.

Supreme Court of Minnesota.

March 27, 1981.

Gerald Van Korff, Law Office of St. Cloud Area Legal Services, Little Falls, for appellant.

Thomas E. Ticen, Bloomington, for respondent.

TODD, Justice.

Petitioner Claudia Hummel, a party to this marital dissolution proceeding, seeks review of an order and judgment entered in the Hennepin County District Court which vacated the original custody order and awarded custody of the parties' four minor children to their father, respondent Conrad Hummel. We reverse and remand.

Upon the petitioner's commencement of this marital dissolution action, the district court conducted a bifurcated hearing to resolve the disputed child custody question. The court heard and considered competing testimony of the parties and several witnesses, interviewed the four minor children, and reviewed two written custody evaluations prepared by a county family counselor. Thereafter, the trial court issued its first custody order which stated that, although both parties were fit and able to serve as the custodial parent, the children's interests would best be served by awarding custody to the petitioner. The order also provided for visitation rights by the respondent.

Shortly after the issuance of the order, the petitioner relocated her family from Elk River to Milaca. This move increased the geographical distance between the children and the respondent and necessitated a change in school systems. The respondent, during the exercise of his visitation rights, retained the physical custody of the children. He subsequently moved the district court for a change of custody based upon the alleged substantially changed circumstances. The petitioner opposed the motion and simultaneously moved the court for an order finding the respondent in contempt for his failure to comply with the visitation rights.

Each party filed affidavits in support of the respective motions and both parties' counsel presented unrecorded oral arguments on the custody and contempt issues. The court thereupon vacated its first custody order and issued a second order awarding the custody of the children to the respondent. The trial court entered the judgment and decree of marital dissolution which incorporated the second custody order. This appeal followed.

The issue on appeal is whether the second hearing conducted by the trial court was procedurally sufficient to support its order changing the custody of the minor children from the petitioner to the respondent.

We have recognized that under Minn. Stat. § 518.18 (1980), the trial court has continuing jurisdiction to examine the circumstances relating to the custody of minor children and to modify the custody order if warranted. See Myhervold v. Myhervold, 271 N.W.2d 837 (Minn.1978). While Minn. Stat. § 518.18(d) (1980) generally defines the parameters of the court's inquiry, it prescribes no specific procedural guidelines to assist the court in its considerations.

In Thompson v. Thompson, 238 Minn. 41, 55 N.W.2d 329 (1952), this court reviewed the trial court's implementation of the progenitor of Minn.Stat. § 518.18. The trial court had modified the first custody order solely on the basis of a welfare department investigation and a psychiatric evaluation of the custodial parent. In determining that this procedure was deficient, we stated that absent a waiver of the right, a modification order should be based on a hearing in which witnesses may be cross-examined. Moreover, we required that a full record be made to facilitate our effective review of the propriety of the trial court's ruling.

The case presented is procedurally distinguishable from Thompson because the trial court issued its modification order prior to the judgment and decree of dissolution; the Thompson analysis is nevertheless fully applicable. The record before us contains neither the implication nor the fact of petitioner's waiver of the right to a hearing.

Therefore, the trial court should have conducted the comprehensive hearing contemplated by the *Thompson* decision.

Accordingly, the matter is remanded to the trial court for further proceedings relating to the child custody issue. In an effort to minimize the disruptive impact of the additional proceedings upon the minor children, we direct that the physical custody of the children remain with the respondent until such time as the custody question is finally resolved.

Reversed and remanded.