**In re the Marriage of: Charlene Shirley McKINNON, Appellant,**

v.

**John Patrick McKINNON, Respondent.**

**No. CX–83–1994.**

Court of Appeals of Minnesota.

Aug. 7, 1984.

Lois A. Paulson, Legal Aid Service of Northeastern Minnesota, Duluth, for appellant.

Joel T. Mitchell, Duluth, for respondent.

Considered and decided by FOLEY, P.J., and RANDALL and SEDGWICK, JJ., with oral argument waived.

**OPINION**

RANDALL, Judge.

The trial court granted the respondent's motion for change of custody of the par-

ties' 15 year old son, Joseph, without holding an evidentiary hearing. Appellant-mother appealed from that order. We affirm.

### FACTS

The parties were divorced in 1973 and custody of their four minor children, including Joseph, then age 4, was granted to Charlene. In October 1983, John moved for custody of Joseph. Both parties filed affidavits. Among other things, John charged that Charlene's lack of discipline led to Joseph's truancy and behavior problems, and Charlene charged that John's overly hard discipline amounted to abuse. Both parties showed up for the hearing on the motion accompanied by counsel. Both parties and their attorneys agreed to submit the merits of the motion to the court without oral argument. Both sides stipulated that the court could consider the juvenile court record of Joseph as well as the dissolution file and written arguments of counsel. On November 15, 1983, the court granted custody of Joseph to John, incorporating in its order by reference the findings of fact made in the juvenile court matter involving Joseph.

### ISSUES

1. Did respondent waive her right to an evidentiary hearing on appellant's motion for change of custody?

2. Was the evidence sufficient to support the trial court's order?

### ANALYSIS

1. It is important to understand that appellant is not contending she did not know of her right to an evidentiary hearing, nor is she alleging that her attorney at the hearing was lax in not demanding such a hearing. She is only arguing that she did not, in fact, waive her right to a hearing.

■ It is undisputed that a custodial parent has the right to a full hearing on a motion for change of custody, with opportunity for cross-examination. *Hummel v. Hummel,* 304 N.W.2d 19 (Minn.1981).

However, it is also clear that appellant, with advice of counsel, as she admitted in her brief, knowingly and voluntarily agreed to submit the matter to the court for decision. Such an agreement is logically interpreted as a waiver of the right to an evidentiary hearing. While that decision on so serious a matter as a motion for change of custody may be questionable, it is clear her intent was to waive the hearing.

■ 2. Under Minn.Stat. § 518.18(d) (1983), a court shall not modify a prior custody order unless it finds that a change has occurred and that a modification is necessary to serve the best interests of the child:

> "In applying these standards the court shall retain the custodian established by the prior order unless: * * * (iii) The child's present environment endangers his physical or emotional health or impairs his emotional development and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child."

■ The trial court's findings and order, accompanied by its memorandum, indicate that it considered the statutory factors. An independent review of the evidence before the trial court indicates that the evidence was sufficient to support a finding that the changed circumstances of Joseph and his mother could endanger his emotional development if custody were left with her. As we view the entire record, including Joseph's juvenile court involvement and repeated truancy, the trial court did not err in finding that giving custody of Joseph to his father was in Joseph's best interests.

### DECISION

Appellant knowingly waived her right to an evidentiary hearing on respondent's motion for change of custody. Evidence supported the trial court's decision changing custody from appellant to respondent.

Affirmed.