**In re the Marriage of Samuel M. TAYLOR, III, Petitioner, Respondent,**

v.

**Shirley A. Roquemore TAYLOR, etc., Appellant.**

**No. C8-84-675.**

Court of Appeals of Minnesota.

Oct. 16, 1984.

Peter M. Rosene, Faricy & Rosene, St. Paul, for respondent.

Eve R. Hershcopf, Southern Minnesota Regional Legal Services, Inc., St. Paul, for appellant.

Heard, considered, and decided by FOLEY, P.J., and RANDALL and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Shirley Roquemore Purifoy appeals from an ex parte order transferring custody of her two children to their father, Samuel Taylor, III. We reverse and remand for an evidentiary hearing.

### FACTS

Samuel Taylor, III and Shirley Roquemore Taylor were divorced in Fulton County, Georgia, in June 1979. Pursuant to a stipulation, custody of Serena, then age 8, and Sam IV, then age 7, was granted to their father for three years and thereafter until Shirley Taylor remarried or was earning more than $15,000.00 per year.

Appellant moved to St. Paul. Her repeated requests for visitation were apparently denied, and she took matters into her own hands, traveling to Georgia, picking the children up from school, and bringing them back to St. Paul with her in June 1982. The father was unable to locate the children until the following spring, when the children's school in Georgia received a request for records from a school in St. Paul. He then traveled to Minnesota and obtained a writ of habeas corpus, to be heard on May 26, 1983. When appellant appeared in response, the hearing was continued for a week to enable her to obtain counsel. On June 2, appellant appeared with an attorney and produced a marriage license dated that morning. The court then transferred custody of the children to her, pursuant to the decree.

Samuel Taylor moved for change of custody. The parties entered into a stipulation which called for custody evaluations of both parents. The stipulation provided for a hearing upon request of either party within ten days following receipt of the custody report. The report, which recommended granting custody to respondent, was issued on September 19, 1983.

On September 30, appellant wrote the court, stating that she had discharged her attorney and requesting an extension of time in which to request an evidentiary hearing. The court granted the extension through October 20, 1983, by a letter stating that "if a request for hearing is not filed by that time, the court will enter its Order * * *." On October 18, appellant wrote the court requesting an evidentiary hearing. She sent a copy of her letter to respondent's attorney.

No evidentiary hearing was scheduled. When appellant called to determine the date of the hearing, she was told none had been scheduled yet but that she would be notified when it was. On December 29, 1983, respondent made an ex parte motion to the court to enter an order adopting the recommendations contained in the custody report. Appellant did not receive notice of the motion. An ex parte order transferring custody to Samuel Taylor was entered on January 9, 1984, but appellant did not receive notice of it until the father attempted to remove the children from their school on January 13. The mother immediately contacted an attorney with Legal Services, who requested an expedited hearing. The request was denied, and, on January 13, Samuel Taylor took the children to Oklahoma.

On January 23, 1984, appellant made a motion for a new trial or review of the referee's recommended order. Without specifically ruling on that motion, the court issued an order which confirmed the recommended order in all respects and required amendment of the decree, and Shirley Purifoy appealed. No amended decree was ever entered.

### ISSUE

Did the trial court err in transferring custody to respondent without holding an evidentiary hearing following the receipt of the custody evaluation report?

### ANALYSIS

1. Procedural events in this appeal resemble those recited in *Bjorke v. Bjorke*, 354 N.W.2d 107 (Minn.Ct.App.1984). Discretionary review occurs here for reasons stated in that opinion.

2. Appellant contends that issuing an ex parte order granting custody to the father in accordance with the custody report recommendation was a denial of her civil due process right to notice and a hearing. While we find the ex parte nature of the order clearly improper, we need not reach the constitutional issue in order to decide the case.

Similarly, we need not decide appellant's contention that, as the children's custodial parent, she was statutorily entitled to an evidentiary hearing before custody could be transferred to respondent. *See Hummel v. Hummel*, 304 N.W.2d 19 (Minn. 1981). While we could decide the case on that basis, we do not because we find the order of the Georgia court making the transfer of custody to the mother conditioned upon her marriage to be legally suspect; the order appears void of regard for factors relevant to the interests of the children. Thus, whether appellant was legitimately the "custodial parent" at the time in question is not certain.

Because both parties signed a stipulation agreeing to custody studies, however, and because the stipulation provided either party the right to an evidentiary hearing upon request, it is clear to us that once a hearing was requested any further action had to wait. Appellant's letter of October 18, 1983, was a clear and unambiguous request for an evidentiary hearing. That request was all that was required by the stipulation, and after that request was made an evidentiary hearing should have been scheduled. The motion for an ex parte order made by Samuel Taylor's attorney after the mother had requested an evidentiary hearing was wholly improper, especially since it was known the mother was not represented by an attorney.

Shirley Purifoy's conduct in taking the children from Georgia when they were in their father's custody, denying the father visitation of the children, and marrying

quickly in order to take advantage of the custody provision of the Georgia decree, while not exemplary conduct, cannot enter into the decision of whether her request for an evidentiary hearing should be granted or whether Samuel Taylor's motion for an ex parte order for changing custody of the children should be granted.

## DECISION

Appellant was entitled to an evidentiary hearing before any order transferring custody of the children was entered.

Reversed and remanded.