**In re the Marriage of Charles B. CLARK, petitioner, Respondent,**

**v.**

**Mary Ann CLARK, Appellant.**

**No. C6–84–917.**

Court of Appeals of Minnesota.

Nov. 27, 1984.

Gabriel D. Giancola, Barna, Guzy, Merrill, Hynes & Giancola, Ltd., Columbia Heights, for respondent.

Rebecca H. Frederick, Messerli & Kramer, Minneapolis, for appellant.

Considered and decided by LANSING, P.J., and HUSPENI and CRIPPEN, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

This is a child custody dispute. As a result of the parties' marriage dissolution in 1980, mother Mary Bullard, f/k/a Mary Clark, was granted custody of the parties' seven year-old son, Nathan. In 1984 father Charles Clark moved the court to modify custody so as to grant him permanent custody. The motion was granted at a default hearing and without findings under Minn. Stat. § 518.18 (1982). The court denied mother's request to reconsider the modification and grant an evidentiary hearing. We reverse and remand.

## FACTS

Following the dissolution of the parties' marriage in 1980, mother moved to Florida with the minor child. In 1983 father requested that the court grant permanent custody to him. The denial of his motion was summarily affirmed by the Minnesota Supreme Court. *Clark v. Clark*, No. C4–83–873 (Minn. January 18, 1984). Shortly thereafter, father brought the present mo-

tion to amend the custody award. Service of the motion was made on the attorney who represented mother during the dissolution proceedings. When served with the motion, that attorney did not know mother's whereabouts. Notwithstanding that fact, the attorney appeared at the custody hearing. Mother did not appear. No evidence was presented on her behalf. During the hearing, father contended that mother was frustrating his visitation rights by failing to communicate with him and by moving from location to location. He also argued that the minor child was being raised in an unstable environment. Father did not testify. He presented his case by way of affidavits and oral argument. The court accepted father's claims and issued an order granting him custody. The very next day, father located the minor child at mother's house in Florida and had him brought to Minnesota, where he remains at this time.

Pursuant to Rule 59.01 and Rule 60.02, mother requested the court to reconsider its order and hold an evidentiary hearing in accordance with section 518.18. That motion was denied, and mother appeals from that denial.

### ISSUE

Did the court err by refusing to reconsider its custody modification order which was based upon affidavits and oral argument, and by refusing to hold an evidentiary hearing on the matter of custody?

### ANALYSIS

■ Father contends that this court lacks jurisdiction to hear this appeal. In fact, the appeal was from a court order that denied mother a full hearing under § 518.18. It was timely and therefore it is appealable. Minn.R.Civ.App.P. 103.03(d).

■ Father's motion to modify custody was made pursuant to Minn.Stat. § 518.18. He had made a similar motion during the previous year. Therefore, the trial court could have jurisdiction of the present motion only if father could show that mother interfered with his visitation or that she endangered or impaired the minor child's development. Minn.Stat. § 518.18(b), (c) (1982). Father's affidavits stated that to be the case. However, the statute requires more:

> [T]he court shall not modify a prior custody order unless it finds, upon the basis of facts that have arisen since the prior order or that were unknown to the court at the time of the prior order, that a change has occurred in the circumstances of the child or his custodian and that the modification is necessary to serve the best interests of the child. In applying these standards the court shall retain the custodian established by the prior order unless:

> \* \* \* \* \* \*

> (iii) The child's present environment endangers his physical or emotional health or impairs his emotional development and the harm likely to be caused by a change of environment is outweighed by the advantage of a change to the child.

Minn.Stat. § 518.18(d) (1982).

■ The court never made the required findings. It could not on the basis of the record before it. It is difficult to comprehend how the best interests of this minor child could be served by a change of custody order premised on a record which is void of relevant facts necessary to assist the trial judge in making this most difficult decision.

It is understood that "the court's decision [must] be set forth with a high degree of particularity if appellate review is to be meaningful [in custody matters]." *Wallin v. Wallin,* 290 Minn. 261, 267, 187 N.W.2d 627, 631 (1971). The findings here were insufficient for meaningful review.

■ Counsel for father argued that custody should be modified and the trial court promptly agreed. There was no evidentiary hearing. There was no evidence presented on behalf of mother. There was no cross-examination. Mother was not

present.[1] The Minnesota Supreme Court has stated a trial court may not modify a custody award "absent an evidentiary hearing in which witnesses may be cross-examined." *Auge v. Auge,* 334 N.W.2d 393, 396 (Minn.1983). *Auge* involved the custodial parent's request to remove the child from the state. The trial court denied permission, effectively granting a change in custody, without affording the parties an evidentiary hearing. The supreme court reversed and remanded for a hearing under Minn.Stat. § 518.18. Similarly, in *Hummel v. Hummel,* 304 N.W.2d 19 (Minn.1981), the supreme court found that the trial court erred in reversing an initial custody order on the basis of affidavits and oral argument. In accordance with the principles of *Auge* and *Hummel,* the trial court should have ordered a full evidentiary hearing.

■ In cases too numerous to cite, the Minnesota Supreme Court and this court have insisted that the welfare and best interests of the minor child are the paramount considerations in determining which parent is to have custody. This custody dispute has been bitter. There have been allegations that the minor child has been raised in unsuitable circumstances. Even with the guarantee of a full evidentiary hearing, the charges and counter charges are likely to continue. Upon remand, we urge the trial court to appoint a guardian ad litem for the minor child pursuant to Minn.Stat. § 518.165 (1982). By so doing, the court would assure that one voice will be raised in sole representation of the best interests of this minor child. *See M.M. and C.M. v. R.R.M.,* 358 N.W.2d 86 (Minn.Ct. App.1984).

### DECISION

The trial court erred by denying mother's request for a full evidentiary hearing under Minn.Stat. § 518.18. This matter is re-

manded for that full evidentiary hearing. Upon completion of the evidentiary hearing, the trial court shall set forth its findings with particularity. Pending the evidentiary hearing, the trial court shall have discretion to continue custody in father subject to such appropriate visitation by mother as the court may establish.

Reversed and remanded.

---

1. Father served his custody motion upon mother's last attorney of record in the dissolution proceedings. Under some circumstances, this may be reasonable. *Atwood v. Atwood,* 253 Minn. 185, 91 N.W.2d 728 (1958). However, within 24 hours of the custody modification order, father obtained actual custody of the minor child from mother's Florida home. It certainly appears father could have assured that mother received actual notice of these proceedings.