In re the Marriage of Robert R. ADAM, Jr., petitioner, Respondent,

v.

Diane G. ADAM, Appellant.

No. CO–84–1190.

Court of Appeals of Minnesota.

Dec. 4, 1984.

Phillip Gainsley, Moss & Barnett, Minneapolis, for respondent.

Kenneth P. Griswold, Ruttenberg, Griswold, Orren & Associates, St. Paul, for appellant.

Heard, considered and decided by PARKER, P.J., and FORSBERG and RANDALL, JJ.

## OPINION

FORSBERG, Judge.

This appeal is from an amended judgment and decree granting custody of the two children to respondent Robert Adam following denial of appellant Diane Adam's request for permission to move the children to California. The change in custody was ordered on the basis of affidavits submitted by the parties, and the arguments of counsel. Appellant claims violation of a right to an evidentiary hearing. We reverse and remand for an evidentiary hearing.

## FACTS

The marriage of Robert and Diane Adam was dissolved on June 6, 1983. There are two children of the marriage, Stephanie Jo, age 10 at the time of the divorce, and Robert R. II, age 7.

Many of the issues involved in the dissolution, including award of custody to Diane, were resolved by stipulation. The stipulation's custody provision included the following language, later incorporated into the judgment and decree:

"Neither party shall change the residence of the children from the State of Minnesota without the prior consent of the other party or by order of the Court."

In January, 1984, Diane Adam wrote to respondent of her intention to marry a man whose employment was based in California, and to move there with the children. She requested his consent, and a series of letters followed between the parties and their attorneys, attempting to negotiate mutually agreeable terms of visitation, support, and visitation-related travel expenses.

On March 26, 1984, Diane moved for court permission to move the children to California, submitting a supporting affidavit. A hearing was scheduled for April 23, 1984, but at this time Robert's attorney asked for a continuance. According to Diane's counsel, the purpose of the continuance was to allow time for preparation of an affidavit making a prima facie case against removal, as required by *Auge v. Auge*, 334 N.W.2d 393 (Minn.1983), to compel an evidentiary hearing.

During the continuance, Robert presented a counter-affidavit, and a counter-motion, requesting an award of custody to himself, and an evidentiary hearing. The affidavit alleged that Diane's fiance had had an affair with her during the marriage which caused the dissolution, that he had boasted about his extramarital relations, and his intention of continuing them, and that the marriage would be detrimental to the children if custody remained in Diane.

The rescheduled hearing was held on May 1, 1984. Arguments of counsel were heard. Diane's counsel argued that an evidentiary hearing was not required because

Robert had not made a prima facie case against removal, as required by *Auge*. Robert's counsel contended that an evidentiary hearing was required. No evidence was received, although the court did direct some questions at counsel concerning Diane's fiance, and his earlier divorce.

The trial court, on June 7, 1984, ordered a change in custody from Diane to Robert, finding that the proposed marriage and move to California "may endanger [the children's] emotional health or impair their emotional development."

## ISSUE

Did the trial court err in modifying custody without an evidentiary hearing?

## ANALYSIS

■ The supreme court in *Auge v. Auge*, 334 N.W.2d 393, 399 (Minn.1983), held that a request for removal of children from the state requires an evidentiary hearing if the non-custodial parent makes a prima facie showing against removal. *See also, Benson v. Benson*, 346 N.W.2d 196 (Minn.Ct. App.1984). Such a hearing is required, in any event, before a denial of a request for removal, which effects a modification of custody. *Auge*, 334 N.W.2d at 399. The trial court here made the custodial change itself in the order, without holding an evidentiary hearing.

Robert argues that the provision in the stipulation governing removal of the children makes an evidentiary hearing unnecessary, by taking the question outside the statute. The stipulation, however, merely reiterates the statute, which reads as follows:

> The custodial parent shall not move the residence of the child to another state except upon order of the court or with the consent of the noncustodial parent, when the noncustodial parent has been given visitation rights by the decree.

Minn.Stat. § 518.175, subd. 3 (1982). Moreover, an evidentiary hearing is not a requirement of statute, but of case law. *See*, Minn.Stat. § 518.175, subd. 1.

■ Although neither party objected to submission of the issue on the basis of opposing affidavits and arguments of counsel, this did not constitute a waiver of the right to an evidentiary hearing.

In *Hummel v. Hummel*, 304 N.W.2d 19 (Minn.1981), the supreme court found no waiver where, after a motion for change of custody,

> [e]ach party filed affidavits in support of the respective motions and both parties' counsel presented unrecorded oral arguments on the custody and contempt issues.

304 N.W.2d at 20. This is what occurred here, except that the oral argument was recorded. There was no express agreement to submit the issue without an evidentiary hearing, as this court found in *McKinnon v. McKinnon*, 352 N.W.2d 530 (Minn.Ct.App.1984).

■ Waiver requires the intentional, or voluntary, relinquishment of a known right. *Williams v. Township of Lynd*, 312 N.W.2d 110, 113 (Minn.1981). Although waiver may be found by implication, *Hummel* indicates that it will not be implied simply from participation in the deficient procedure. Moreover, the *Auge* holding placed Diane in the position of arguing that Robert had not made a prima facie case against removal, and thus that no evidentiary hearing was required. This tactical position supporting removal without an evidentiary hearing cannot be interpreted as a waiver of such a hearing before a change of custody.

## DECISION

An evidentiary hearing was required where denial of a request for removal resulted in a modification of custody. There was no waiver of the right to such a hearing.

Reversed and remanded.