In re the Marriage of: **David Leonard VOGT, Petitioner, Appellant,**

v.

**Debra Ann VOGT, n.k.a. Debra Ann Horejsi, Respondent.**

No. C1–85–2004.

Court of Appeals of Minnesota.

April 15, 1986.

Steven C. Youngquist, Rochester, for appellant.

Joseph F. Wieners, Kasson, for respondent.

Heard, considered, and decided by RANDALL, P.J., and PARKER and FOLEY, JJ.

## OPINION

RANDALL, Judge.

David Vogt appeals from an amended dissolution judgment which sets forth a detailed visitation schedule. The visitation schedule was similar to the one respondent, Debra Ann Horejsi (formerly Debra Ann Vogt), requested.

## FACTS

The parties' marriage was dissolved on January 28, 1982. The judgment and decree provided the following concerning custody and visitation:

[T]hat [appellant] and respondent be granted the joint care, custody and control of the minor child of the parties, Daniel Jacob Vogt, with said child to reside with the [appellant] subject to liberal visitation rights of the respondent, including every other weekend and every other holiday, up to a total of five months (150 days).

The trial court found that both parents were fit and proper to have custody and the parties do not now claim otherwise. The amended judgment and decree provides:

a) The parties shall continue their current visitation schedule allowing [appellant] eight days of visitation and Respondent six days of visitation until such time as the child * * * begins schooling.

b) When the child begins school, Respondent shall have the child every weekend during the school year from 6:00 p.m. on Friday until 7:00 p.m. on Sunday except as follows:

(1) [Appellant] shall have the child on the weekend following Labor Day in September.

(2) [Appellant] shall have the child on the weekend following MEA in October, and Respondent shall have the child on the Thursday and Friday of MEA weekend.

(3) [Appellant] shall have the child on the weekend following Thanksgiving. Respondent shall have the child on the Wednesday preceding Thanksgiving beginning at 6:00 p.m. and shall continue to have the child until 7:00 p.m. on the Friday following Thanksgiving Day.

(4) [Appellant] shall have the child on the third weekend in December and Respondent shall have the child for six days commencing on December 25 at 8:00 a.m. and continuing until December 30 at 7:00 p.m.

(5) [Appellant] shall have the child on the first weekend following January 1.

(6) [Appellant] shall have the child on President's Day beginning at 6:00 p.m. on the date preceding President's Day and continuing until 7:00 p.m. on the following day. [Appellant] shall have the child on the Sunday following President's Day beginning at 8:00 a.m.

(7) [Appellant] shall have the child on the entire weekend preceding and the weekend following the child's Spring or Easter break and Respondent shall have the child during the weekdays of that break period commencing at 8:00 a.m. on the Monday of said break. Respondent shall return the child at 6:00 p.m. on Friday of that break.

(8) [Appellant] shall have the child on the second to the last weekend in May.

c) Beginning in June of each year and after school has been dismissed, Respondent shall have the child throughout the week from 8:00 a.m. on Monday until 6:00 p.m. on Friday and [appellant] shall have the child all other times throughout the child's summer vacation except as provided herein.

d) Both [appellant] and Respondent shall be entitled to two uninterrupted weeks of custody/visitation with the child during mutually agreeable times during the summer.

3) In addition to the foregoing schedule, Respondent shall be entitled to have the child during any other extended school break or vacation as shown on the school calendar for the Rochester School District # 535.

The parties agree that before this decision, the child resided with appellant for

eight days, then with respondent for six days, with this arrangement repeating every two weeks. The child's beginning school necessitated changing this arrangement.

In proceedings not at issue on appeal, respondent moved for an order establishing that the residence of the child for purposes of school attendance was with her. The trial court denied the motion, stating in its memorandum that in the dissolution decree "the parties contemplated joint legal custody with physical custody being in the petitioner." Respondent agrees that physical custody is with appellant.

Respondent later moved for an order establishing a visitation schedule. Appellant moved that he be granted sole custody and proposed a visitation schedule which basically allows visitation every other weekend during the school year and follows the eight days/six days pattern during the summer months. The trial court denied appellant's motions and granted respondent's motion for a set visitation schedule. Appellant appeals from that amended judgment establishing visitation.

## ISSUE

Did the trial court abuse its discretion in establishing the visitation schedule?

## ANALYSIS

This court will not reverse visitation determinations absent an abuse of discretion. *Rutten v. Rutten,* 347 N.W.2d 47, 50–1 (Minn.1984).

Appellant claims that the trial court erred in not considering his work schedule, which he asserts prevents him from actually spending time with the child. Nothing in the record reflects appellant's current work hours. The trial court cannot have erred in failing to consider something that was never presented to it.

Appellant claims that the visitation schedule amounts to a *de facto* change in physical custody to respondent, and therefore the trial court erred in modifying custody without an evidentiary hearing. *See Auge v. Auge,* 334 N.W.2d 393, 396 (Minn. 1983); *Clark v. Clark,* 358 N.W.2d 438, 440 (Minn.Ct.App.1984). Appellant claims that his time with the child is so reduced that he no longer has physical custody. Respondent accurately points out that the new schedule slightly reduced her visitation rights. Before the change, respondent's visitation totalled 156 days per year. Under the new schedule she visits with the child approximately 140 days per year.

We recognize that respondent generally has the child on weekends [1] and that appellant must share some of the time he has the child with the school. However, given the detailed schedule, which the court took great care in drafting, we hold the trial court did not abuse its discretion. Every custodial parent with children over the age of five shares a good part of the day with the child's school. This does not mean that appellant's joint legal and sole physical custody rights are diminished. Physical separation from one's child is a normal and accepted by-product of the act of going to the schoolhouse.

The trial court appeared to be making its best effort to do something the parties were not willing to do, namely, come up with a fair visitation schedule acceptable to both parents. The trial court sought to preserve extensive visitation with the non-custodial parent once the child began school, and it will not be reversed for devising an arrangement which seeks to preserve the relationship of the child with both parents. *See* Minn.Stat. § 518.175 (1984).

Appellant claims that the visitation schedule gives him no holidays with the child during the school year, and therefore constitutes an abuse of discretion. Appellant reads the schedule incorrectly. The child spends Christmas Eve, New Years Eve, President's Day, Martin Luther King day, Memorial Day, the weekend following Thanksgiving, and Labor Day with him. The trial court did not abuse its discretion in setting out the detailed holiday visitation

1. Appellant has the child approximately eight weekends during the school year.

schedule, particularly where the parties were unable to cooperate.

The bickering over holiday visitation indicates a lack of maturity and responsibility. The parents, as mature adults, must set aside personal differences and work with each other concerning visitation in an effort to serve the best interests of their child. Running back to court whenever visitation does not work out their way will, we are convinced, have an adverse effect on their child.

## DECISION

The trial court did not abuse its discretion in establishing the visitation schedule.

Affirmed.